## No. 9805.

### HILL *v.* HILL.

Decided April 4, 1921.

Proceeding involving the question of temporary alimony in an action for divorce.  Payment ordered.

### *Affirmed.*

1. DIVORCE AND ALIMONY—*Settlement Release.* Where an agreement is executed by a wife releasing the husband from all claim of property rights, obligation for maintenance, support and alimony, it must appear that the husband has dealt fairly and equitably with the wife, and if it does not so appear, the release will not bar her claim for alimony in a subsequent action for divorce.

*Error to the County Court of the City and County of Denver, Hon. Ira C. Rothgerber, Judge.*

Mr. H. R. KAUS, for plaintiff in error.

Mr. WAYNE A. GUNKLE, Mr. RALPH E. C. KERWIN, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant in error filed her petition for temporary alimony, court costs and attorney fees in the divorce action instituted by her against the plaintiff in error, wherein she charged him with statutory cruelty.

On the hearing of the petition the plaintiff in error set up as a defense and introduced in evidence the following document, which is denominated a property settlement, signed by the defendant in error and formally acknowledged by her before a notary public, to-wit:

"Know All men By These Presents, That I, Jessie E. Hill (also known as Jessie May Hill), of the City and County of Denver, Colorado, in consideration of the sum of seven hundred dollars ($700) to me in hand paid by my husband, Richard T. Hill of the same place, the receipt of which is hereby confessed and acknowledged, do hereby accept the same in full settlement of all claims of whatsoever kind which I have or might have against the said Richard T. Hill for support and, maintenance as his wife, and for my interest in and to any property, real, personal or mixed, which he now owns, or may become owner of and for all claims for alimony, if we should become divorced, and I hereby release the said Richard T. Hill of that certain obligation contained in those certain Articles of Separation and the agreement therein, made and entered into under date of May 28, 1919, between Richard T. Hill and Jessie E. Hill, whereby during the life of said agreement the said Richard T. Hill is obligated to pay me the sum of forty dollars ($40) per month for my support.

"It is my purpose and intention hereby to release all claim whatsoever which I have or might have in any property, real, personal or mixed now owned by my said husband, or standing in his name, or which he may hereafter acquire, and to release my said husband of and from any and all obligations for maintenance and support and alimony, and the payment of forty dollars ($40) per month provided in our said Articles of Separation."

The marriage is not denied. The evidence showed that the defendant in error had exhausted the $700.00 which she received as consideration for signing the settlement release, and that her only means of support was a weekly stipend of $15.00.

Plaintiff in error is in the plumbing business and receives on an average of $250.00 per month, or a net income of $185.00 per month. The court awarded her $60.00 per month and ordered defendant in error to pay her own court costs and attorney out of that allowance.

The plaintiff in error seeks to reverse the order of al-

lowance on the ground that the settlement release signed by defendant in error is a complete bar to any assertion of right to temporary alimony, suit money or attorney's fee.

We do not agree with the contention of counsel for plaintiff in error. The document does not purport to be articles of separation, but a receipt of $700.00 in full satisfaction and discharge of the obligations of articles of separation of a prior date, and a release of plaintiff in error from all claim of property right now and hereafter, and "all obligations for maintenance and support and alimony" in the future. In contracts of this nature it must be made to appear that the husband has dealt fairly and equitably by his wife in the transaction. We said in *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657, that the contract must be in all respects fair, reasonable and just, and that it must make sufficient provision for the maintenance of the wife according to the status of the parties.

This agreement is manifestly unfair to the defendant in error. The plaintiff in error seeks to free himself from all liability on account of his wife during her natural life by giving her a lump sum, less than one-third of his annual net income. The agreement is neither reasonable nor just and cannot be sustained. We are of the opinion that the court did not abuse its discretion in awarding an allowance of $60.00 per month for court costs, attorney's fee and temporary alimony. Affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.