No. 10,348.

HOBBS *v.* HOBBS.

Decided November 6, 1922.

Action for divorce. Order for temporary alimony and attorney fees.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Divorce—Alimony.* An order of the trial court in a divorce proceeding granting temporary alimony and attorney fees is reviewable on writ of error by the supreme court even if there has not yet been a final judgment granting a divorce.

2. DIVORCE AND ALIMONY—*Appeal from County to District Court.* The findings of fact and conclusions of law which are filed in an action for divorce under the provisions of chapter 65, S. L. 1917, are not a final judgment within the meaning of the statutes relating to appeals from county to district court, and such an appeal is proper only after the decree of divorce is entered.

3. *Agreements as to Alimony.* The court is not bound by an agreement relating to alimony in a divorce action, and in contracts of that nature it must be made to appear that the husband has dealt fairly and equitably by his wife in the transaction.

4. APPEAL AND ERROR—*Divorce—Final Judgment.* Findings of fact
   and conclusions of law in a divorce action cannot take the
   place of a final judgment so as to make the proceedings review-
   able in the Supreme Court.

*Error to the District Court of Jefferson County, Hon. Sam-*
*uel W. Johnson, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, for plaintiff
in error.

Mr. GEO. B. CAMPBELL, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for divorce.  It was originally insti-
tuted in the county court of Jefferson county by the hus-
band against the wife.  In that court a decree granting
a divorce to the plaintiff was entered May 27, 1921.  The
defendant thereafter and in due time took an appeal to
the district court.  Subsequent proceedings in the district
court resulted in a verdict of a jury for defendant on her
cross-complaint, the filing of findings of fact and conclu-
sions of law in accordance with the verdict, and the mak-
ing of an order requiring plaintiff to pay the sum of $35
per month as temporary alimony and the sum of $500 as
defendant's attorney's fee.  To review those proceedings
the plaintiff has sued out this writ of error, and has ap-
plied for a supersedeas.

The defendant in error, defendant below, has filed a
motion to dismiss the writ of error upon the ground that
it appears from the record that no final judgment has
been rendered or entered.  There has been no final judg-
ment on the merits of the case; that is, no decree of di-
vorce has been granted in the district court, so far as the
record shows.  At the time the record and bill of excep-
tions were lodged here, six months had not elapsed since
the filing of the findings of fact and conclusions of law.
There is before us, however, the trial court's order grant-

ing temporary alimony and attorney's fees to the date of the order, December 31, 1921. This order is reviewable, as a final judgment, even if there has not yet been a final judgment granting a divorce. *Bagot v. Bagot,* 68 Colo. 562, 191 Pac. 96; *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Benham v. Willmer,* 71 Colo. 451, 207 Pac. 592.

Since the record, bill of exceptions, and assignments of error include in their scope this reviewable order, the motion to dismiss writ of error is denied.

The plaintiff in error contends that the district court did not have jurisdiction of the case, or power to hear the same de novo, because, as it is claimed, "the appeal from the county court was not taken in time." The appeal was taken after the final decree of divorce was granted by the county court. All this of course occurred after more than six months had elapsed since the date of the trial and of the filing of the findings of fact and conclusions of law. The plaintiff's theory is that an appeal from the county court to the district court, in divorce actions, must be taken from the findings of fact and conclusions of law which, he claims, are to be regarded as being the judgment appealed from.

Section 1536 R. S. 1908, provides that appeals may be taken to the district court from the county court from "final judgments or decrees." Section 12 of the Divorce Act (Ch. 65, S. L. 1917, p. 185) provides:

"Appeals may be taken to the District Court from any judgment or decree of a County Court in any action for divorce, in the manner provided by law for such appeal in civil actions."

The findings of fact and conclusions of law which are filed in an action for divorce are not a final judgment within the meaning of the statutes relating to appeals, above cited. The appeal from the county court was therefore properly taken to the district court after the decree of divorce was entered. The district court had jurisdiction of the cause thereafter, and could try the same de novo. There was therefore no error in its assuming jurisdiction

of the case, including the matter of temporary alimony and attorney fees.

It is next contended that the order allowing temporary alimony and attorney's fees is erroneous because the provisions of that order are inconsistent with a stipulation or contract which the parties had filed in the county court at the time the plaintiff instituted this action there. The contract purports to settle all matters relating to alimony, both temporary and permanent, and all fees of defendant's attorneys.

While courts generally adopt such contracts, they are not bound to do so. In *Wallace v. Wallace,* 74 N. H. 256, 67 Atl. 580, 13 Ann. Cas. 293, the court gave its approval, as we now do, to a rule stated in 2 Nelson on Divorce and Separation, Sec. 915, as follows:

"The court is not bound by the agreement relating to alimony; and if the amount is not considered sufficient, an additional allowance may be made, or the agreement may be ignored and an adequate allowance made for the wife."

In 19 C. J. 252, sec. 586, it is stated in the text that "the court is not bound by the agreement."

It is not claimed that the court's order is unfair, nor is it strongly urged that the contract is fair, but plaintiff proceeds, apparently, on the theory that the court was bound to give effect to the contract and could make no order inconsistent therewith. On principle, and on the authorities above cited, plaintiff's proposition is not tenable.

In *Hill v. Hill,* 70 Colo. 47, 197 Pac. 236, this court said:

"In contracts of this nature it must be made to appear that the husband has dealt fairly and equitably by his wife in the transaction. We said in *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657, that the contract must be in all respects fair, reasonable and just, and that it must make sufficient provision for the maintenance of the wife according to the status of the parties."

The contract involved in the instant case was filed on

the same day that the plaintiff began his action; it was probably entered into before that time. The plaintiff therein agrees to pay defendant the sum of $5,000 in installments of $25 per month until "he can raise the balance" by a sale of certain property. The defendant agrees not to make any further claim, either for temporary or permanent alimony or attorneys' fees. If she undertook to defend the action she would, according to this contract, have to pay her attorneys out of this agreed allowance. The contract makes no provision for the wife for expenses in defending the husband's suit for divorce.

The trial court did not abuse its discretion in refusing to be bound by the contract, and did not err in allowing attorney fees and in awarding temporary alimony at the rate of $35 per month. For these reasons the order ought to be, and it accordingly is, affirmed. To avoid any doubt as to the effect of the order of this court, heretofore entered, as to temporary alimony, we will state that the payments of $35 per month as alimony under the order of this court may be deemed to be payments also of the $35 per month ordered by the trial court.

The other matters discussed in the brief on this application for a supersedeas are those affecting proceedings in the district court which would lead up to the final decree, or the decree of divorce.

So far as the record shows, there has never been any final judgment on the merits, nor any decree of divorce, and therefore there is none to review. The findings of fact and conclusions of law cannot take the place of a final judgment so as to make the proceedings reviewable. Upon the record before us, we can only review the order granting temporary alimony and attorney's fees. This we have done, and the order is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE CAMPBELL not participating.