No. 17,092.

MILLER *v.* MILLER.
(271 P., [2d] 411)

Decided June 1, 1954.

Mr. WALTER A. BALLOU, for plaintiff in error.

Mr. MAURICE W. KONKEL, for defendant in error.

Messrs. WAGNER & WYERS, amici curiae.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will hereinafter refer as the wife, and defendant in error, hereinafter designated as the husband, were married in 1941, and immediately thereafter established their home in Yuma county, Colorado. Two children were born to them as the issue of the marriage. The older child, a daughter, is now twelve years of age and the son is approximately ten years old.

In June, 1946, an action was filed in the county court of Yuma county, wherein the wife sought a decree of divorce. The husband filed a cross complaint, and a divorce decree was entered thereon. The court ordered, "That the sole care, custody and control of the minor children, Joan Eileen Miller 5 and Danny Ray Miller 3 is hereby awarded to defendant [husband] with the plaintiff having reasonable rights of visitation until the further order of Court." This decree was entered January 31, 1948, or eighteen months after the complaint was filed by the wife.

October 31, 1951, the wife filed a motion for modification of the order concerning custody of the children.

The changed conditions upon which she relied for this modification were: that she had remarried and had established a home in Denver; her health was much improved over the condition existing at the time of the divorce; her new husband (whose conduct with the wife unquestionably was a contributing cause of the divorce proceedings) was willing to provide support and maintenance for the children; and that the best interests of the children required that they be delivered into her custody and control.

The county court heard evidence upon the motion and ordered a modification of the custodial order to the extent that custody of the children was given to the mother for three months during the summer. She was dissatisfied with this order and appealed to the district court where a hearing de novo was had upon the issue as to whether changed circumstances warranted modification of the custodial order. In addition to the alleged improvement in her own position, she contended that the husband's situation had changed for the worse, in that he had suffered a nervous breakdown requiring hospitalization in Denver for an extended period of time; that his mother, with whom he lived, was the person actually exercising custodial rights, due to his physical and mental condition; that his said condition was such as to render him unfit to have the custody of the children; and that because of the fact that he had not been regularly employed he no longer had the financial ability to properly support them.

After full hearing the district court denied the motion for change in the custodial order, and directed that the original provision, under which sole custody of the children was given to the husband, should remain in full force and effect. The wife, seeking reversal of that judgment, brings the case to this Court by writ of error.

The trial judge, upon the conclusion of the hearing, stated his views at some length. His remarks include, among others, the following:

" * * * the only obligation I have to perform in this case is to do what I consider best for these children.

\* \* \*

"One of the most distressing experiences a judge can have is to attempt to justly decide controversies of this sort.

"I agree with counsel for Mr. Miller, that the situation, so far as Mr. Miller is concerned, has not appreciably changed. I do not think there has been any great change in the overall situation at their home. There has been no marked change in his earning capacity. There has been a period of illness and it has been testified that he suffered a nervous breakdown. I do not know what would better account for a nervous breakdown than the experience that man had in his family."

With reference to the wife's conduct with Mr. Isbell (her present husband), which apparently caused the divorce action, the trial judge said, inter alia:

"I am not here to sit in judgment on that transgression except as it is directly connected with what I am considering here today. If I was not privileged to penalize anyone for that conduct, certainly I am not permitted to reward anyone.

\* \* \*

"I am not criticizing the home life of these people, who have since married. It may be that it is as fine and sacred and as good as anything can be, * * *.

"I have noted that Judge Roberts has provided for some divided custody and courts sometimes do that. I am not at all impressed with that as a solution to these problems. It has been my experience that when custody is divided, there is an interruption of affection there. There is a change of living conditions. There is an emotional disturbance which takes place in minor children that is extremely difficult to offset in later years. It is done, I know, and I have done it in some cases.

"In this case, we have these children residing in a relatively small country town. The habits of life there

are different from city habits. Their school opportunities are different. Their conveniences are different. The associates of the older people are different and their amusements are different."

Counsel for the wife argues that, from the comments of the trial judge bearing upon the misconduct of the wife prior to the decree of divorce, it appears "unmistakably that the trial judge was prejudicially incensed against plaintiff and blinded to the facts and issues."

Questions to be Determined.

First: *Are we obliged to say that the record before us discloses a clear abuse of discretion on the part of the trial court in refusing to direct a modification of the order governing custody of the children in this case?*

This question is answered in the negative. In *Anderson v. Anderson,* 124 Colo. 74, 234 P. (2d) 903, our Court said, inter alia:

"The trial court is in a better position to make a personal appraisal of the qualifications of the parents for the best interests of a minor than we are, and it is only in cases of a clear abuse of discretion that this court is warranted in interfering with the orders of the trial court in custodial matters. It should be kept in mind that in cases of this nature the principal issue before the courts is the welfare of the child, and to that welfare the rights and personal desires of the parents are subservient."

██ No good purpose would be served by setting forth in detail all of the evidence which might have caused the trial court to reach the conclusion that the best interests of the children would be served by a continuation of the original order dealing with their custody. Suffice it to say that its finding, that the circumstances of the husband had not appreciably changed since the interlocutory decree was entered, is supported by the evidence. He is doing the same type of work; has had increases in salary; has money in the bank; and resides in the same home with the children, who are well-

clothed, well-fed, well-cared for, and are making excellent records in the school which they attend. While it is true that the circumstances of the wife have improved over conditions as they existed at the time of the entry of the interlocutory decree, these improved conditions do not necessarily require that a modification of the order of custody should be made. The matter rested within the sound discretion of the trial court, and the comments of the trial judge, concerning the conduct of the wife, which resulted in the granting of the divorce decree, is not sufficient to show an abuse of discretion when considered in connection with all the evidence and the express desire to do that which was for the best interests of the children. There was ample evidence to support the custodial order which the trial court entered, and, notwithstanding his comments with relation to the conduct of the wife and her present spouse while she was still the wife of Mr. Miller, we cannot say that any abuse of discretion has been shown.

■ Second: *Did the district court have jurisdiction to consider and determine the motion for change in the custodial order arising out of the divorce action and decree of the county court where no appeal had been taken to the district court from the decree of divorce issued by the county court?*

This question is answered in the affirmative. Section 165, chapter 46, '35 C.S.A., reads in part as follows: "Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree * * *."

Rule 111, R.C.P. Colo.: "(a) Matters Reviewable. A writ of error shall lie from the supreme court to:

"(1) A final judgment of any district, county or juvenile court in all actions or special proceedings whether governed by these rules or by the statutes."

■ Do the words "final judgment and decree" of the

statute mean the same as "a final judgment" in the rule? If so, then an order awarding custody must be considered either as permitting retrial by the district court as well as review by writ of error here, or there is no right either for retrial in the district court or for writ of error here. If the two terms do not have like meaning, what is the basis of distinction?

Rule 111 follows the Code, section 425. The Code at section 478, under "Rules of Construction," said: "The word 'judgment' means all final orders, decrees and determinations in an action; also all orders upon which executions may issue." *Empire Construction Co. v. Crawford,* 57 Colo. 281 (141 Pac. 474), at 289.

In accordance with that definition and as established by practice in several cases, we think an order determining custody of children, like an order determining alimony is reviewable in this Court.

The interpretation of the statutory provision for appeal from the county court to the district court is more difficult. The divorce statute provides that, "Appeals from the county court to the district court and writs of error to the supreme court shall lie as in any other civil action." Section 32, chapter 56, '35 C.S.A. In other civil actions appeals to the district court lie "from all final judgments and decrees," by section 165, chapter 46, '35 C.S.A. But subsequent sections 167 and 168 require that after taking such appeal there shall be filed in the district court "all the original process, pleadings and other papers relating to the suit, and filed in the county court, together with a transcript of all the entries made on the records of the county court relating to said cause." It further provides that the proceedings shall be in all respects de novo and that the district court shall consider and pass upon all objections to the pleadings and proceedings in the said cause, which may have been made in the county court, and make such orders and render such judgments and decrees as shall be meet and proper, in the same manner as though such

cause had been originally begun in said district court, and that all such causes shall be conducted in the same manner as if originally brought in the district court.

In *Archuleta v. Archuleta,* 52 Colo. 601, 123 Pac. 821, this Court said, with reference to an order for alimony which was entered while appeal was pending here: "The divorce decree is the principal thing. The judgment for alimony is incidental; and whether they are entered separately or together, they are treated as part of the same decree. Alimony being consequent upon obtaining a divorce, there can be no judgment for alimony without a divorce decree, though they may be and generally are entered together. The incident cannot exist without the principal."

The wording of sections 167 and 168 would indicate that it was the legislative intent to have appeals to the district court apply to a suit or cause as a whole wherein would be brought up the entire record of pleadings and proceedings for trial, de novo. If so, the "incidental" order concerning alimony or support of minor children in a divorce action would not seem a proper subject for separate review. Both plaintiff and defendant accepted the decree of the county court as to divorce and its order therein as to custody. If the order was merely an "incident" to the decree of divorce, it would appear not possible to tear it apart from the principal decree and have it alone determined de novo by the district court.

On the other hand, in *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766, where a modification of a decree awarding alimony was sought and a writ of error was sued' out here, this Court said, concerning order of the trial court with reference to a petition seeking modification of the decree for alimony, that it was a right to have a modification of such decree when the circumstances justify; that "This right is adjudicated in the same case, it is true, but upon a new petition containing new facts, and upon new notice, and when the judgment of the court is announced that judgment is final of the matter ad-

judicated." Under that concept the petition for modification of the decree for the purpose of appeal to the district court, as well as for the purpose of review here, may be considered as the pleading, and the evidence as to facts occurring since the date of the former adjudication of custody may be considered as constituting the evidence in the case, and the order or judgment of the court thereon as the matter finally adjudicated and to be reviewed.

A similar concept seems to have been adopted by the court in *Davidson v. Jennings*, 27 Colo. 187, 60 Pac. 354, where the action was brought originally to recover for goods furnished and labor performed against certain parties and to establish and enforce a lien therefor against mining property held in the name of certain other defendants. These latter defendants alone appealed to the district court, basing their appeal only upon the determination of the right to the lien. Upon motion to dismiss the appeal upon the ground that it could not be taken from the part of the decree only that established the lien, our Court said: "The appeal as taken in no way disturbed the personal judgment against Smith, Outcalt and Clayton, which determined their liability; nor was there any occasion for the district court, upon the trial of the question as to whether or not a lien existed against the property of appellants, to consider the personal liability of those parties. The court was therefore correct in so deciding, and refusing to dismiss the appeal." So here the appeal as to custody in no way disturbed the decree as to divorce.

With regard to the jurisdiction of the district court, as this Court said in *Estes v. Denver & Rio Grande R.R. Co.*, 49 Colo. 378, 113 Pac. 1005, at 385: "It is still the same action that was commenced in the county court, * * *. The purpose of the statute was to lodge the case for trial anew in the district court, independent of any judgment of the county court. It is still, however, the same case, but it comes to the district court in a special

manner, by which the jurisdiction of the district court is entirely derivative, and its authority to entertain it depends upon the jurisdiction of the county court."

Considering what was apparently the purpose of the legislature in establishing the trial de novo in the district court, the holding of the Davidson case that there should be a right to review a separable part involving a separate issue seems persuasive to us that there should be right of separately appealing the subsequent and separate petition concerning custody of minors, although arising from the prior divorce decree issued in, and not appealed from, the county court.

The judgment accordingly is affirmed.

Mr. Justice Alter, Mr. Justice Holland and Mr. Justice Bradfield dissent.

Mr. Justice Holland dissenting.

There are a number of reasons why I cannot subscribe to the majority opinion herein. Let it be assured that my failure to agree is not because I was the author of the opinion originally announced herein on which a rehearing was granted and the original opinion not adhered to. Basically, I still contend that my position then was right; however, the opinion could easily have been more comprehensive on the question of statutory appeals from the county court to the district court, which I now will try to demonstrate.

As appeared from the petitions for rehearing and other sources, there was an apprehension concerning the statement therein made that a custodial order of the county court was not a final judgment or final decree, and thereby leaving the aggrieved party without any procedural relief. That is not true. Under the old code of procedure, matters similar in principle have been, by this court, many times held to be appealable; however, that means a review of the order complained of and an

appeal to the district court provides no such review. The statute, being section 165, chapter 46, '35 C.S.A., provides: "Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession * * *." Section 168 of the same chapter provides that all such appeals as provided for, "shall be in all respects de novo." The cause remains the same but is tried anew with the additional privilege of bringing in matters not presented in the trial in the county court, and at the conclusion of such new trial in the district court, it is mandatory that the court make such orders and render such judgments as shall be meet and proper as in a case originally begun in said district court. It is in no manner a review of the judgment of the county court. In other words, upon the entry of the judgment in the district court, the judgment in the county court disappears.

As too frequently is to be found, ambiguous or confusing statements appear in our statutes. It surely cannot be contended that the proceeding in the district court is a review. That being assumed, I am at a loss to understand the following statement in section 168, supra: " * * * that in all cases where the judgment of the county court is affirmed * * *."

The majority opinion herein states, " * * * that the words 'final judgment' as used in the statute governing appeals from the county court to the district court, and as used in the code of civil procedure should have the same meaning."

We have held repeatedly that temporary orders entered in an action for divorce are "final judgments" to which a writ of error may be directed. It is my contention that the authorities cited in the majority opinion supporting that statement should control and be the procedure to be followed in cases similar to the matter in hand. In other words, the aggrieved party certainly is thereby directed to a procedure for a review of the order of which complaint is made. The order herein

made by the county court which was complained of, was either a proper or an improper order, which could be determined only by a review. If, on review by this court, the order was determined to be improper, or as a result of the abuse of discretion, then it would be reversed likely with some direction.

Such a custodial order as was here entered by the county court, which not only had jurisdiction, but a continuing one, was not a final order, because the order reads: "And it is further ordered, adjudged and decreed that this order shall stand until further order of this Court."

Our court has said the findings of fact and conclusions of law which are entered in an action for divorce are not a final judgment within the meaning of the statute relating to appeals to the district court. *Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398. This order was rendered in an original proceeding in the county court upon special pleadings for modification thereof.

The county court in this case had full, true and complete jurisdiction of the original divorce proceeding and the matter of the custody of children involved therein was incident to that particular action. That court retained full jurisdiction during the minority of the children and it cannot be divested of that jurisdiction by circumvention in singling out the custodial part of its decree as a basis for appeal under the statute to the district court. If the district court could be given jurisdiction by such procedure, then the party seeking the modification may obtain an entirely new hearing on the question and obtain a direct judgment of the district court, which would displace the jurisdiction of the county court. After all that has happened here, the county court still has jurisdiction over the children and it never passed to the district court. If it could be said that the district court thus obtained judisdiction of the children, the district court here failed to retain such jurisdiction by its judgment because it directed that the custodial

order entered in the original divorce decree five years or more before remain in full force and effect. In other words, it is case of the district court playing with the jurisdiction of the county court. If this very day, plaintiff, upon sufficient ground, sought a change in the custody of the children, she would not go to the district court, but would be confined to direct her petition again to the county court. Had the original decree of divorce, which was a final decree been appealed under the statute to the district court in due course, then the district court would have had jurisdiction and all jurisdiction, including that of the children, would have been taken over by the district court. A part of a decree of the county court cannot be singled out, taken away, and given to the district court for the purpose of rendering a new, and entirely different, judgment affecting the original decree.

Assuming that the district court had jurisdiction in the matter before us, which I confidently contend it had not, the judgment it entered herein must be reversed, because in effect it is not a judgment at all. It simply is, in effect, an affirmance of the original divorce decree, which it had no power to do. Instead of entering its own decree, which might have been identical with the decree in the county court concerning the custody, it did not do so, it adopted, and directed, that the original decree in the county court remain in full force and effect, all of which was beyond its power and authority in a de novo procedure.

As hereinbefore set out, the majority opinion states that the words "final judgment" as used in the statute and as used in the code of civil procedure should have the same meaning. Be that as it may, we cannot legislate and modify a statute. We can and should clarify our rules of civil procedure to the end that the courts and the Bar would have no misunderstanding as to what is and what is not a final judgment. However, it does not necessarily follow that the meaning should be the

same, because the rules apply to a review of what may be termed a judgment, while the other is a statutory proceeding and what is, in effect, a new trial in the district court.

There is a distinction between custodial orders and orders concerning temporary alimony or attorney's fees.

In the attempted appeal in this case to the district court, it was not an appeal attacking the modification order entered by the county court, it was simply a presentation of the same motion that was made to the county court for the change in custody. If the district court had any jurisdiction which it could assume, then it was a matter of determining on a hearing, the merits of the motion. If, upon such hearing, the district court determined that the motion was not well taken, then there was nothing left to do except deny the motion. If it felt that the motion had merit and there was a sufficient showing made, then it should enter its own judgment and not adopt or approve or affirm a previous judgment of the county court.

The way having been open for the plaintiff in error to have the original decree of the county court reviewed by our court in so far as it related to the custody of the children, then she must abide by the jurisdiction of that court and that court alone as to any modification of the decree relative thereto, and if she felt aggrieved by any orders entered by the county court, she, according to many decisions of our Court, is not precluded from having such county court order reviewed by this court.

From what I have said herein, it surely is abundantly clear, that, in my opinion, the order complained of here is not a final judgment or decree within the meaning of the statute relating to appeals from the county court to the district court, and that the judgment herein should be reversed.