No. 18,052.

ERNEST A. STRAKOSCH *v.* GERTRUDE ROTH BENWELL.

(310 P. [2d] 720)

Decided May 6, 1957.

Mr. STANLEY H. JOHNSON, for plaintiff in error.

Mr. DUANE O. LITTELL, for defendant in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this action were formerly husband and wife. They are the parents of two girls, Christine now fifteen years of age, and Pamela now ten years old. The final decree of divorce between the parties was entered November 28, 1950. Each of the parties has contracted a second marriage; plaintiff in error now residing in Wisconsin, while defendant in error resides in Denver, where the divorce proceedings were had.

By the decree of divorce the custody of the minor children was awarded to the wife, except that during the summer, Christmas and spring school vacation periods the husband was to have the custody.

In the month of May 1956, the husband demanded that Pamela be sent to Wisconsin to be with him and his wife during the summer school vacation period. On May 16, 1956, the wife filed her petition asking that Pamela remain with her during the summer vacation of 1956, and on the same day the father filed his petition asking an order that Pamela be sent to Wisconsin for the same period. A lengthy hearing was had, which included the testimony of the parties as well as that of psychiatrists and a counsellor of the Denver Juvenile Court.

On June 1, 1956, the trial court directed that the minor child Pamela be and remain in the custody of her mother. Among the findings of the court we find: "That the best interests of the child Pamela Strakosch require that she remain in the custody of her mother, the plaintiff, exclusively, until further order of the court, and that visitation by the father be denied until further order of the court; * * *

"There seems to be no question that both plaintiff and defendant have been using the child to club one another, and certainly, both must shoulder a share of the blame. The child, as is usual in such cases, is caught in the middle of a conflict that seems to grow fiercer as the years go by; and certainly if some stopping point is not fixed, eventually the child's life will be wrecked."

The trial judge found that Pamela did not desire to go to Wisconsin and preferred to stay with her mother and sister, and "regardless of where the blame for the child's present plight may lie, it seems in her best interest that she should be left in one place, and that place is with the mother."

Counsel for the husband urge that this order should be set aside and full custody of Pamela be awarded to

the father, because the order "is arbitrary, capricious, and an abuse of discretion."

We need only refer to the following cases to demonstrate that under the facts as disclosed by the record before us this court should not vacate or modify the order of the trial court. To do so would overthrow long-standing decisions of this court. *Bird v. Bird,* 132 Colo. 116, 285 P. (2d) 816; *Miller v. Miller,* 129 Colo. 462, 271 P. (2d) 411; *Anderson v. Anderson,* 124 Colo. 74, 234 P. (2d) 903; *Emerson v. Emerson,* 117 Colo. 384, 188 P. (2d) 252; *Hayes v. Hayes,* 134 Colo. 315, 303 P. (2d) 238; *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962; *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Searle v. Searle,* 115 Colo. 266, 172 P. (2d) 837.

Counsel for the husband has been most diligent in searching out of the record those portions of the evidence which he urges support the contention that the trial judge, in entering the orders complained of, acted arbitrarily and abused his discretion. We, too, have carefully considered the record and conclude that there is competent evidence in the record to sustain the order of the trial court regarding custody. The trial judge who presided here has had years of judicial experience in cases of this kind, together with training in dealing with youngsters in broken homes. Nothing in the record indicates anything on the part of the nisi prius judge but a keen awareness of his responsibility relating to the rights and obligations of the parents, the best interest of Pamela, a girl of tender years, and to salvage what remains of a home broken by discord. We are convinced that the trial judge fully safeguarded the rights of both parents, bearing in mind that the primary concern of the court in custody matters is to protect and promote the best interests of the child. It is indeed unfortunate that Pamela does not have the opportunity of living with both of her parents in a congenial atmosphere, to share the love and affection of both mother and father.

320

The order herein reviewed is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HALL and MR. JUSTICE DAY concur.