572 P.2d 495 (1977)
In re the MARRIAGE OF Kristeen Marie WIGNER, Appellee, and
Donald Lee Wigner, Appellant.
No. 77-108.
Colorado Court of Appeals, Division III.
December 1, 1977.
Faricy & Tursi, Patrick J. Maggio, Pueblo, for appellee.
Kettelkamp & Vento, P. C., W. C. Kettelkamp, Jr., Pueblo, for appellant.
STERNBERG, Judge.
Following a six-year childless marriage, the parties separated and agreed to a division of their property. The wife took a memorandum of their agreement to her attorney who prepared and filed a petition for dissolution of marriage and drafted a property settlement agreement. The husband, in spite of the wife's attorney's urgings, did not retain counsel of his own. He read the agreement and voluntarily signed it. The agreement was presented to the court, ex parte, shortly after it was signed, and the judge to whom the case had been assigned originally entered an order approving the agreement.[1] Because the wife served as that judge's probation officer, he then transferred the case to a second judge.
The agreement provided for waiver of maintenance, divided the personal property of the parties, and gave a house and barn located on 2½ acres of land to the wife. Prior to the time for entry of the decree of dissolution, however, the husband decided that the agreement was grossly unfair because the real property, their only significant asset, was given to the wife. He had this property appraised and retained counsel, who moved to set aside the agreement as being unconscionable. The wife moved to strike that motion and a hearing was held.
At that hearing the husband testified that the real property was worth about $50,000. Evidence was presented that encumbrances against the property totalled about $16,000. The wife testified that she had no idea of the value of the real property.
*496 The court declined to set aside the property settlement agreement and later entered a decree of dissolution. In its order relative to the property settlement agreement, the court made no finding concerning the value of the property. The court concluded that the agreement was not unconscionable and declined to set it aside. The husband appeals and we reverse.
In its order the court correctly stated that it was governed by § 14-10-112, C.R.S.1973, which provides that an agreement of this type at issue here is binding on the court unless it finds "that the separation agreement is unconscionable."
In defining the term "unconscionable," however, the court stated that:
"In order to support a finding of unconscionability, there must be evidence in the record of some overreaching on the part of one of the parties, such as that which results from an inequality of bargaining power or under other circumstances in which there is an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." (emphasis added)
We do not agree with this interpretation. To set aside a property settlement agreement prior to its being incorporated in a dissolution decree, the court need not find that overreaching, inequality of bargaining power or other elements of fraud are present. Rather, we hold that, before the agreement is set forth in the decree, a court may set aside as unconscionable any agreement that is not "fair, reasonable and just." See Hobbs v. Hobbs, 72 Colo. 190, 210 P. 398 (1922); Hill v. Hill, 70 Colo. 47, 197 P. 236 (1921); Daniels v. Daniels, 9 Colo. 133, 10 P. 657 (1886). To protect litigants from decisions made at this stage of dissolution proceedings, the General Assembly in § 14-10-112(2) and (3), C.R.S.1973, has given trial courts the power to disapprove unjust, but not necessarily fraudulent, agreements up to the time of entry of the decree. See In Re the Marriage of Eller, Colo.App., 552 P.2d 30 (1976).
Nevertheless, relying on In Re the Marriage of Lowery, Colo.App., 568 P.2d 103 (1977), and In Re the Marriage of Corley, Colo.App., 558 P.2d 450 (1976), the wife asserts that this court has recently decided that, absent proof of fraud, a property settlement agreement signed by the parties may not be set aside. However, Lowery and Corley are distinguishable. They are progeny of Lay v. Lay, 162 Colo. 43, 425 P.2d 704 (1967), wherein the Supreme Court stated:
"It is well-established in this state that a property settlement agreement which is approved and incorporated in a divorce decree cannot subsequently be modified in the absence of fraud or overreaching." (emphasis supplied)
Here, contrary to the situations in Lay, Lowery and Corley, no decree of divorce or dissolution had been entered at the time the husband moved to set aside the property settlement agreement under § 14-10-112(3), C.R.S.1973. This case, therefore, is more closely analogous to In Re the Marriage of Eller, supra, where we held that "under § 14-10-112(3), C.R.S.1973, the court was not required to approve blindly an agreement it found unconscionable." There, at the time a wife "waived" maintenance she thought she was capable of obtaining more remunerative employment than proved to be the case. No fraud was shown. Nevertheless, on her motion made prior to entry of the decree, we approved the trial court's setting aside of the wife's waiver of maintenance as "unconscionable."
Judgment reversed and cause remanded for a determination by the court, either based on the record or, in its discretion, after a new hearing, as to whether the agreement was unconscionable as that term is defined herein.
VanCISE and KELLY, JJ., concur.
NOTES
[1] Counsel informs us that it is customary in this judicial district to present such agreements to the court for approval after they are signed and prior to the time for the final decree. Because the approval here was pro forma, and was entered ex parte, with no testimony of the values of assets divided, we accord no significance to this order. Such orders would seem to serve no purpose, unless, as is not the case here, the underlying agreement provides for maintenance or support payments which are to commence prior to the dissolution decree.