In re the MARRIAGE OF Mary Ethel Z. CHAMBERS, Appellant,

and

Wallace E. Chambers, Jr., Appellee.

No. 81CA1145.

Colorado Court of Appeals, Div. III.

Dec. 9, 1982.

Grant, McHendrie, Haines & Crouse, P.C., Phyllis Cox, Denver, for appellant.

Hall & Evans, Raymond J. Connell, Alan Epstein, Denver, for appellee.

KIRSHBAUM, Judge.

In this dissolution of marriage proceeding, Mary Ethel Z. Chambers, wife, appeals the trial court's denial of her motion to vacate an order approving a separation agreement between her and Wallace E. Chambers, Jr., husband. We affirm in part and reverse in part.

In October 1979, wife initiated this action. At the commencement of the permanent orders hearing on March 24, 1981, husband's attorney informed the trial court that the parties had reached an agreement respecting division of property, maintenance, and child support. Husband's attorney stated the general terms of the agreement, with the assistance of counsel for wife. Husband then gave testimony in support of the petition for dissolution, and also testified that he agreed with the stipulation read into the record. Wife also testified that she understood the stipulation as read into the record and that she believed it to be fair, just, and not unconscionable.

The trial court ordered husband's counsel to prepare a decree and permanent orders within ten days. The trial court then stated that it "accepts the oral agreement ... entered into by the parties and finds it to be both fair and reasonable and not unconscionable both as to the [wife] as well as the [husband] and the minor children." In response to a question by husband's counsel, the trial court also ordered the marriage dissolved.

A written decree of dissolution was executed by the trial court on May 1, 1981, *nunc pro tunc* to March 24, 1981. That portion of the pre-printed form of decree indicating a finding that a separation agreement had been considered and found to be not unconscionable was deleted. The decree nevertheless contained the following order:

"IT IS FURTHER ORDERED that the parties shall perform the respective provisions of the separation agreement, ~~attached hereto as Exhibit A~~ and incorporated herein as if set forth verbatim, as apply to each of them.... *to be submitted*[.]" (emphasis added).

Counsel for husband did draft a settlement agreement and forwarded it to wife's counsel. When wife refused to sign that document, husband filed a motion to compel her signature.

Wife then filed a motion "to vacate [the] property settlement agreement and court's approval thereof, or in the alternative, motion for new trial." Her motion and accompanying affidavit alleged that discrepancies existed between the settlement agreement as read into the record on March 24, 1981, and the tendered written document; that her testimony approving the agreement was the product of duress and a lack of knowledge and understanding; that subsequent to March 24, 1981, wife learned that husband had failed fully and fairly to disclose to her and to the trial court certain material financial information; and that the March 24, 1981, oral stipulation must be set aside because it was unreasonable, the result of overreaching and unconscionable.

On October 16, 1981, when the parties appeared for a final hearing on all pending matters, the trial court stated that it would not permit wife to introduce any evidence respecting her motion. After considering statements and arguments by counsel for both parties, the trial court denied wife's motion. It also denied wife's "objections" to the oral stipulation and the subsequent written agreement, except for two matters which the trial court "deemed as an addition to" the property settlement agreement

and "approved." The trial court then granted husband's motion to compel signature.

Preliminarily, husband argues that the trial court's judgment "entered" on March 24, 1981, and that, therefore, wife's May 15, 1981, motion for new trial was not timely filed. However, C.R.C.P. 58(a) states that: "[i]f the court makes an oral ruling from the bench and directs counsel to prepare a written order of judgment, the judgment shall not be entered or be effective until the court signs the written order of judgment." No written dissolution order was signed by the trial court until May 1, 1981; hence, wife's motion was timely filed.

Wife first contends that the trial court did not make an independent evaluation regarding the conscionability of the stipulated agreement. We disagree.

Prior to entering a dissolution decree, a trial court must refuse to approve a separation agreement if it finds it to be unconscionable. Section 14–10–112, C.R.S. 1973; *In re Marriage of Lowery,* 39 Colo. App. 413, 568 P.2d 103 (1977), *aff'd* 195 Colo. 86, 575 P.2d 430 (1978). In determining whether a proposed separation agreement is unconscionable, a trial court must consider the criteria set forth in § 14–10–112, C.R.S.1973. *In re Marriage of Lowery, supra.*

During the March 24, 1981 hearing, the trial court was presented with an oral stipulation to which both parties agreed. The trial court questioned both attorneys, heard testimony from both wife and husband, and requested the financial affidavits of the parties. Thus, on March 24, 1981, the trial court properly concluded that the oral agreement read into the record was not unconscionable.

Wife next contends that § 14–10–112, C.R.S.1973, requires parties to submit a *written* separation agreement for the court's consideration prior to incorporation of any agreement into a dissolution decree, and that the trial court therefore erred in approving the March 24, 1980, oral stipulation. We again disagree.

Section 14–10–112, C.R.S.1973, states that "the parties *may* enter into a written separation agreement . . . ." (emphasis supplied) The statute does not preclude a stipulated oral agreement; the issue is whether the parties intend to be bound by the terms of an agreement, whether oral or written. *See Crabtree v. Crabtree,* 527 P.2d 920 (Colo.App.1974) (not selected for official publication). The parties here stated such an intent on March 24, 1981. Therefore, the trial court did not err in approving the oral separation agreement presented by the parties on March 24, 1981.

Wife finally contends that the trial court erred in refusing to receive testimony respecting the issues raised by her motion. We agree with this contention.

Wife's motion and accompanying affidavit alleged factual matters which, if substantiated, would have rendered the trial court's initial conclusion of conscionability erroneous as a matter of law. C.R.C.P. 59(a)(7). Contrary to the trial court's assumption, wife's motion did not merely suggest a change of mind. *See, e.g. Eisenson v. Eisenson,* 158 Colo. 394, 407 P.2d 20 (1965). She averred, in essence, that a fraud had been perpetrated upon her, the parties' minor children, and the trial court, and that the evidence for such assertion was not discovered until after the March 24, 1981, hearing. No opposing counter-affidavit was filed. In these circumstances, we conclude that the trial court abused its discretion in denying wife's request to introduce evidence of overreaching, inaccurate disclosure of financial resources, and duress tending to render invalid her apparent consent to the agreement on March 24, 1981.

The procedural posture of the case in October 1981 has resulted in some confusion between the parties respecting the appropriate test to be applied on remand. We note that although a dissolution decree was entered May 1, 1981, no written order approving the parties' separation agreement was entered until November 1981. Furthermore, the trial court did not enter an order expressly approving any written separation agreement until November 24, 1981 —after a hearing during which the oral stipulation of March 24, 1981, was amended by the trial court to specify precise terms regarding the provision of airline tickets to wife and to clarify the parties' obligations concerning their respective personal debts. In these circumstances, the standard to be applied, as determined in *In re Marriage of Wigner,* 40 Colo.App. 253, 572 P.2d 495 (1977), is the standard applicable when efforts are made to vacate a separation agreement *prior* to its incorporation into a dissolution decree: whether the terms are fair, just, and reasonable under all the circumstances.[1]

The trial court's approval of the oral agreement, as amended, is affirmed. The trial court's order denying wife's request to introduce evidence in support of her motion to vacate or for new trial is reversed and the cause is remanded for further proceedings, commensurate with this opinion, respecting said motion.

BERMAN and TURSI, JJ., concur.

---

1. Although wife did execute a written separation agreement containing the two "additional" provisions respecting airline passes and responsibility for personal debts, she noted that her signature appeared pursuant to a direct order of the trial court and that she protested the fairness of the agreement.