Wayne S. STILLMAN, Plaintiff–
Appellant,

v.

STATE of Colorado and Bill Owens,
Governor, Defendants–
Appellees.

No. 02CA1627.

Colorado Court of Appeals,
Div. A.

Oct. 23, 2003.

Certiorari Denied March 22, 2004.

Wayne S. Stillman, Pro Se.

Ken Salazar, Attorney General, Anne Baudino Holton, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge HUME.*

Wayne S. Stillman (father) appeals from the order dismissing his complaint for declaratory and injunctive relief. We affirm.

Father is a divorced parent of two children. Upon dissolution of his marriage, he was ordered to pay $837 per month for the support of the children pursuant to the child support guidelines set forth in § 14–10–115, C.R.S.2002.

Father sought a declaratory judgment concerning the constitutionality of § 14–10–115. He alleged that the statute violated his rights to equal protection, his right to substantive and procedural due process, and his right of privacy and that enforcement of the child support order was an unconstitutional taking of property and an ongoing threat of imprisonment for debt. He sought a permanent injunction preventing the enforcement of the child support obligation.

The trial court made findings on each argument and dismissed the complaint. Father asserts, however, that the court did not adequately address his arguments. We find no error.

■ Statutes are presumed to be constitutional, and one challenging the validity of a

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

statute has the burden of proving it unconstitutional beyond a reasonable doubt. *Watso v. Colo. Dep't of Soc. Servs.*, 841 P.2d 299 (Colo.1992). When the underlying facts are undisputed, the trial court may decide the issues as a matter of law. *Medina v. State*, 35 P.3d 443 (Colo.2001).

■ Although parents have a right to privacy in matters related to child-rearing and family relationships, this right is not absolute, and the family is subject to regulation in the public interest. *People v. Shepard*, 983 P.2d 1 (Colo.1999). The state has a public interest in mitigating the potential harm to children caused by the dissolution of marriage. Section 14–10–104.5, C.R.S.2002. Thus, a parent has no privacy interest in the process by which child support obligations are determined because support levels are not purely private determinations, but serve a public function and are subject to court approval. *See Ga. Dep't of Human Res. v. Sweat*, 276 Ga. 627, 580 S.E.2d 206 (2003); *cf. Linda D. v. Fritz C.*, 38 Wash.App. 288, 687 P.2d 223 (1984)(right to privacy does not encompass right of parent to avoid child support obligation because mother did not successfully use contraception).

■ Furthermore, the child support guidelines do not infringe upon a fundamental right. *See Ga. Dep't of Human Res. v. Sweat, supra.* Nor do they discriminate against a suspect class or significantly interfere with a fundamental right. *See In re Marriage of McGinley*, 172 Or.App. 717, 19 P.3d 954 (2001). Therefore, the rational basis test applies to the evaluation of father's constitutional challenges. *See Ga. Dep't of Human Res. v. Sweat, supra; see also P.O.P.S. v. Gardner*, 998 F.2d 764 (9th Cir. 1993); *cf. Zablocki v. Redhail*, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978)(state statute forbidding noncustodial parent with child support obligation from marrying without obtaining court permission is subject to strict scrutiny because of the direct interference with family relationships). We agree with the trial court that the state has a

§ 24–51–1105, C.R.S.2002.

legitimate interest in requiring divorced or separated parents to provide child support based on the parties' combined gross incomes.

■ We also agree with the trial court that father has not shown that he is similarly situated to parents who are married and have not divorced or separated. Nevertheless, even if we accept the argument that a divorced or separated parent is treated disparately by the imposition of a child support obligation, we conclude that the statutory distinction made by § 14–10–115 does not violate such parent's right to equal protection. A distinction between sets of parents based on marital status is rationally related to the legitimate state interest to insure that children of divorced or separated parents receive support despite the divorce or separation. *In re Marriage of Crocker,* 157 Or. App. 651, 971 P.2d 469 (1998), *aff'd,* 332 Or. 42, 22 P.3d 759 (2001). As stated in *Crocker,* the legislature could rationally assume that many divorced or separated parents will no longer be able to work together to make responsible decisions about how to support their children.

■ Additionally, we conclude that, because it approximates the amount of parental income that the child would have received in an intact family, application of the guidelines is not arbitrary, capricious, fundamentally unfair, or coercive. *See* Report of the Colorado Commission on Child Support (1985); *cf. In re Marriage of Nimmo,* 891 P.2d 1002 (Colo.1995)(stepparent's income and support of his family unit are not relevant to child support determination because that income and support would not be available if the parents and children were living in an intact household).

■ Thus, the imposition of a certain amount of child support by application of the child support guidelines does not infringe upon father's constitutional rights. Nor does it result in pecuniary gain to the state because it may result in receipt of federal funds or prevent a custodial parent from seeking state welfare benefits.

The trial court also correctly found that father did not establish a constitutionally protected taking. *See Ga. Dep't of Human Res. v. Sweat, supra* (child support guidelines merely ensure that noncustodial parents help pay the costs of supporting their children); *cf. Wellman v. Dep't of Human Servs.,* 574 A.2d 879 (Me.1990)(concept of a taking does not apply to scheme requiring unwed father to reimburse state for overpayment to mother of aid to families with dependent children).

■ Finally, the trial court correctly determined that a finding of contempt for violation of a court order does not subject a parent to imprisonment for failure to pay a debt. *See In re Marriage of Nussbeck,* 974 P.2d 493 (Colo.1999). As the trial court found, § 14–10–115 provides the opportunity for an evidentiary hearing prior to the imposition of a child support order, and so the requirement for procedural due process is satisfied.

Accordingly, father's arguments are not persuasive, and therefore, the trial court properly dismissed his complaint under C.R.C.P. 12(b)(5).

The order is affirmed.

Chief Judge DAVIDSON and Judge WEBB concur.