**In re the MARRIAGE OF Sarah Joanne RIVERA , Appellee,**

**and**

**Ryan Lee RIVERA , Appellant.**

No. 11CA1886

Colorado Court of Appeals, Div. V.

Announced February 28, 2013

Jefferson County District Court, No. 10DR1216, Honorable Dennis J. Hall, Judge

Hulen & Leutwyler, LLC, Mike Hulen, Littleton, Colorado; Aitken Law, LLC, Sharlene J. Aitken, Denver, Colorado, for Appellee

Miller & Law, P.C., Stephen D. Dawson, Littleton, Colorado, for Appellant

Opinion by JUDGE ROMÁN

¶ 1 In this dissolution of marriage proceeding, Ryan Lee Rivera(husband) appeals from the trial court's order partially confirming an arbitration award as to property and maintenance provisions and ordering a hear-

ing on the remaining parenting issues.[1] Because Sara Joanne Rivera (wife) did not comply with section 14–10–128.5(2), C.R.S. 2012, or otherwise seek to vacate, modify, or correct the arbitration award under sections 13–22–223(1) or 13–22–224(1), C.R.S.2012, we reverse the order and remand to the trial court to confirm the arbitration award in its entirety.

### I. Background

¶ 2 The parties agreed to resolve the terms of their dissolution of marriage through mediation and arbitration. They first attended mediation, at which they agreed to joint decision-making authority and adopted the parenting time schedule recommended by the child and family investigator. The parties also agreed that the mediator would be designated as arbitrator to resolve any dispute arising out of the terms of the mediated agreement. The mediated agreement was not filed with the court.

¶ 3 Shortly thereafter, the parties disputed the property distribution provisions in the mediated agreement. Therefore, per the agreement, the parties and their attorneys engaged in arbitration. Following arbitration, the arbitrator entered a final arbitration award, which, as pertinent to this appeal, reaffirmed the parenting time agreement reached at mediation.

¶ 4 Wife then filed a forthwith motion requesting trial court confirmation of the arbitration award under section 13–22–222(1), C.R.S.2012.[2] In particular, her motion specified:

The parties participated in mediation in this dissolution of marriage action on March 11, 2011, with Helen C. Shreves, the mutually agreed upon mediator. A 4–page "Final Agreement" was reached, signed by both parties, both attorneys and the mediator. The Final Agreement contains the parties' agreement regarding non-parenting issues as well as the Parenting Plan

---

1. This order is appealable by virtue of section 13–22–228(1)(c), C.R.S.2012.

2. Section 13–22–222(1) provides that upon request by a party to an arbitration proceeding, "the court shall issue a confirming order unless the award is modified or corrected pursuant to section 13–22–220 [C.R.S. 2012,] or 13–22–224 [C.R.S. 2012] or is vacated pursuant to section 13–22–223."

agreed upon; *[Wife] asks the Court find the Parenting Plan to be in the best interest of the children and make same an Order of this Court.* The parents themselves determined what they agreed was in the best interests of the children, with the assistance of a very experienced and capable mediator and with both parties being represented by independent counsel. It is respectfully submitted that the mediated Parenting Plan is in the best interests of the children and should be made an Order of this Court.

(Emphasis added.)

¶5 Her motion further asserted that "there are no legitimate grounds which [husband] could allege for modifying, correcting, or vacating this Arbitration Award." The proposed order attached to wife's motion read: "The parties, as reflected by [the mediation and arbitration] documents, adopted a Parenting Plan which the parties agreed was fair and in the best interest of the children."

¶6 Husband objected to the confirmation request on grounds not pertinent to this appeal. Wife then requested that the court schedule a hearing "akin to an uncontested divorce hearing" in order for the court to "take the evidence necessary to enter a Decree of Dissolution."

¶7 At the hearing, husband withdrew his objection to confirmation of the arbitration award. Both parties then requested that the mediated agreement and arbitration award be made the orders of the court. The court asked for the parties' testimony, to "make sure they understand what the agreement says," and "if they have any objection to [the court] confirming the arbitrator's award."

¶8 Wife initially testified that she wished to make the parties' agreements an order of the court. However, she later engaged in the following colloquy with the trial court:

Court: All right. My understanding is that these documents have provisions in them concerning decision making and parenting time and such things as that.

Wife: Yes.

Court: Do you think that the provisions of those documents concerning your children are in your children's best interest?

Wife: Umm, I believe it was agreed upon at mediation.

Court: Well, I understand—

Wife: I have a personal opinion, as do both parties I'm sure.

Court: ... Do you think, given the circumstances here, that this agreement sets out what's in the best interests of your children?

Wife: Your Honor, I am not going to object to what was decided in the mediation agreement because it was a package deal; and as you say, both parties have an opinion. But my opinion is no, I do not believe it is fair.

¶9 At that point, the court stopped the hearing and declined to confirm the arbitration award. The court then set a permanent orders hearing.

¶10 Husband thereafter moved to confirm the arbitration award under section 13–22–222(1). His motion stressed that because neither party had timely sought to vacate, modify, or correct the arbitration award, the court was required to confirm it. Wife agreed that the court should confirm all non-parenting provisions in the award; however, she objected to confirmation of any provision concerning parenting issues.

¶11 The court entered an order confirming all property and maintenance provisions of the arbitration award. However, it ordered that all parenting issues remain set for hearing.

¶12 Husband's appeal followed.

## II. Trial Court Authority

¶13 Husband contends that because he and wife resolved the dissolution through arbitration, and wife did not seek to vacate, modify, or correct the arbitration award in a timely manner, the trial court lacked authority to set a permanent orders hearing to resolve the parenting issues. While a trial court has the authority to set a permanent orders hearing to review parenting issues resolved through arbitration if the statutory prerequisites are met, we agree with husband that the trial court exceeded that authority in the circumstances presented here.

¶14 Courts are charged with the duty of protecting the best interests of children in dissolution proceedings. *See* §§ 14–10–102(2)(b), 14–10–104.5, 14–10–123.4, 14–10–124, C.R.S. 2012; *see also Miller v. Miller,* 129 Colo. 462, 466, 271 P.2d 411, 413 (1954) (a principal issue for the court is the welfare of the children); *Stillman v. State,* 87 P.3d 200, 201 (Colo.App.2003) (the state has a public interest in mitigating the potential harm to children caused by the dissolution of marriage); *In re Marriage of Dureno,* 854 P.2d 1352, 1357 (Colo.App.1992) (children have the "right" to have custody determinations based on their welfare and best interests). And, in dissolution of marriage cases, the Uniform Dissolution of Marriage Act, sections 14–10–101 to –133, C.R.S.2012 (UDMA), takes precedence over other laws, including those applicable to alternative dispute resolution.[3] *In re Marriage of Barker,* 251 P.3d 591, 592 (Colo.App.2010). Thus, provisions of an arbitration award pertaining to parenting issues are subject to the supervisory power of the trial court. *See id.*

¶15 Significantly, the legislature has provided a specific means within the UDMA by which a party may seek trial court review of an arbitration award. Under section 14–10–128.5(2), a party may "apply to have the arbitrator's award vacated, modified, or corrected pursuant to [the UAA], or may move the court to. modify the arbitrator's award pursuant to a de novo hearing concerning such award by filing a motion for hearing no later than thirty-five days after the date of the award." Accordingly, the trial court retains jurisdiction to decide all issues relating to the children de novo upon the request of either party. *In re Marriage of Kniskern,* 80 P.3d 939, 941 (Colo.App.2003); *In re Marriage of Popack,* 998 P.2d 464, 469(Colo.App.2000).

¶16 In our view, a de novo hearing may include a permanent orders hearing scheduled at the trial court's discretion. *See In re Parentage of Smith –Bartlett,* 95 Wash.App. 633, 976 P.2d 173, 178–79 (1999); *see also*

*Black's Law Dictionary* 725 (7th ed.1999) (a hearing de novo is "[a] reviewing court's decision of a matter anew, giving no deference to a lower court's findings" or "[a] new hearing of a matter, conducted as if the original hearing had not taken place").

¶17 Accordingly, we conclude that when a section 14–10–128.5(2) request for a de novo hearing is made, the trial court has the discretion to schedule a permanent orders hearing to ascertain whether the arbitration award is in the best interests of the children.

### III. Timely Request

¶18 A trial court may only hold a de novo hearing under this statute, however, if one is timely requested. *See* § 14–10–128.5(2). Here, because no timely request for a de novo hearing was made, the court exceeded its authority by scheduling a permanent orders hearing on the parenting issues.

¶19 At the time the parties were before the trial court, any request for a de novo hearing had to have been made within thirty days, rather than thirty-five days as the statute now provides. *See* Ch. 243, sec. 2, § 14–10–128.5(2), 2005 Colo. Sess. Laws 956. Wife's motion to confirm the arbitration award was filed within twenty-eight days after the arbitration award entered; however, her motion did not request a de novo hearing. Instead, she requested confirmation of the arbitration award in its entirety, asserting that (1) the award was in the best interests of the children, and (2) neither party had grounds upon which to challenge the award. While her motion requested that. the trial court hold a forthwith hearing, it articulated that such a hearing was needed solely to establish the jurisdictional elements required to enter a decree of dissolution. Thus, no timely request was made for a de novo hearing.

---

**3.** The Uniform Arbitration Act (UAA), sections 13–22–301 to –230, C.R.S.2012, encourages the settlement of disputes through arbitration. *See Farmers Ins. Exch. v. Taylor,* 45 P.3d 759, 761 (Colo.App.2001). To facilitate confidence in the finality of this process and to discourage piecemeal litigation, the role of the courts in evaluating an arbitration award is strictly limited. *See id.*

¶ 20 We are not persuaded otherwise by wife's argument that her motion timely requested a de novo hearing under the statute. In her motion, wife argued that if the court could not hold a forthwith hearing to ascertain the jurisdictional elements for a decree of dissolution, it should modify the arbitration award to relieve her of any penalty she would incur for failing to comply with the arbitration award's requirement to refinance the marital house by a date certain. Such a narrow, specific request relating to the marital home cannot reasonably be viewed as a request for a de novo, or new, hearing on the parenting provisions of the award, and we do not interpret it as such.

¶ 21 Moreover, wife's oral challenge to the arbitration award made at the confirmation hearing was not timely under the statute. Her objection, even if construed as a request for a de novo hearing, was made forty-two days after the arbitration award entered.

¶ 22 Therefore, because neither party filed a timely request for a de novo hearing under section 14–10–128.5(2), the trial court's authority was limited under the UAA to confirming the award as requested. *See* § 13–22–222(1). We therefore reverse the order and remand to the trial court to confirm the award in its entirety.

¶ 23 In light of this conclusion, we need not reach husband's remaining contentions.

### IV.   Attorney Fees

¶ 24 Both parties request their attorney fees on appeal.

¶ 25 On remand, the trial court should consider whether and to what extent husband is entitled to his requested attorney fees under section 13–22–225(3), C.R.S.2012. *See* C.A.R. 39.5. And insofar as wife requests appellate fees under section 14–10–119, C.R.S.2012, such application should be made to the trial court. *See In re Marriage of Newell,* 192 P.3d 529, 538 (Colo.App.2008).

¶ 26 Costs will be taxed against wife under C.A.R. 39(a).

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

¶ 27 The order is reversed, and the case is remanded to the trial court to enter a new order confirming the entire arbitration award and considering the parties' attorney fees requests as outlined herein.

JUDGE TERRY and JUDGE VOGT * concur.