In re the MARRIAGE OF Yisroel
Meir POPACK, Appellant,

and

Chana Elka Popack, Appellee.

No. 98CA1674.

Colorado Court of Appeals,
Div. V.

Feb. 3, 2000.

Rehearing Denied March 30, 2000.

Litvak Litvak Mehrtens & Epstein, P.C., Lawrence Litvak, Timothy R.J. Mehrtens, Denver, Colorado, for Appellant.

Alexandra C. Wyman, Denver, Colorado, for Appellee.

Opinion by Judge ROY.

In this dissolution of marriage action between Yisroel Meir Popack (husband) and Chana Elka Popack (wife), husband appeals from the trial court's order denying his motion to stay proceedings for arbitration. We reverse and remand for additional proceedings.

The parties married in 1971. Twelve children were born as issue of the marriage, nine of whom were under the age of nineteen when this action was commenced.

The primary issue on appeal is the validity and application of an arbitration agreement (agreement) entered into by the parties in 1996, which provides for arbitration of marital disputes by a rabbinical council known in English as a Beth Din or Bet Din.

A Beth Din is a Jewish court consisting of three or four judges, or a judicial body composed of a rabbi and two or more assistants having jurisdiction in matters of Jewish law. *See Webster's Third New International Dictionary* 209 (Unabridged ed.1986); *see also Wolf v. Rose Hill Cemetery Ass'n*, 914 P.2d 468 (Colo.App.1995)(Beth Din alleged to be the highest ecclesiastical authority on Orthodox Jewish law).

The arbitration agreement states, in pertinent part:

> WHEREAS, certain disputes and differences have arisen and still exist between the above-mentioned parties, relative to their marriage; all issues monetary and other regarding the marital dispute and the children of the marriage will be adjudicated upon agreement of the parties signed below by binding RABBINICAL ARBITRATION.
>
> . . . .
>
> *If any future issues arise relating to the marriage both parties agree to submit to the above-mentioned Beth Din.* And if the Beth Din is not available, the dispute will be submitted to a recognized Beth Din acceptable to both parties or to a "ZABLA" tribunal. The parties acknowledge that it is prohibited [under Jewish law] to go to civil court without written permission from a recognized Beth Din. (emphasis added)

At the time the agreement was entered into by the parties, there was a legal separation proceeding which had been commenced by wife. That action was later dismissed with the parties' consent after temporary orders had been arbitrated before the Beth Din and adopted by the trial court.

The present action was initiated by the husband by the filing of a petition for legal separation. At the time he filed his petition, husband also separately moved to confirm ·a second arbitration award entered by the Beth Din immediately prior to the filing of the petition. This second arbitration award gave husband control of the family home, custody of all of the children, and set forth additional conditions by which the parties were to abide until a final and permanent decision could be issued by the Beth Din. The Beth Din authorized husband to submit its order to the civil court.

The Beth Din's temporary order had been obtained by husband in an *ex parte* emergency meeting by the Beth Din which was held in New York City four days before the filing of the petition for legal separation. The agreement calls for all arbitration proceedings to be held in Denver, Colorado.

The wife was in New York City at the time of the emergency meeting but did not attend. Wife objected to the confirmation of the order issued by the Beth Din, requested a decree of dissolution of marriage, and requested the court enter temporary orders. Husband moved to strike the wife's motion for temporary orders on the basis that temporary orders were arbitrable.

The magistrate denied the husband's motion to confirm the temporary orders arbitrated before the Beth Din, denied husband's motion to arbitrate, and proceeded to hear wife's request for temporary orders. Husband filed a petition for review of the magistrate's order and for a stay of the proceedings pending the trial court's review of that order.

The trial court denied both of husband's motions. The trial court acknowledged that an agreement to arbitrate can be binding in dissolution proceedings, but concluded that the agreement here was entered into as part of the earlier legal separation proceedings and, therefore, had no application to these proceedings. Alternatively, the trial court concluded that husband had waived his right to seek arbitration by failing to include a reference to it in his petition for legal separation.

## I.

■ Husband has not appealed the trial court's order denying his request to confirm the temporary order he obtained from the Beth Din. Therefore, the propriety of that order is not before us. *See Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d .928 (Colo.1990). However, husband argues that the arbitrated temporary order approved in the first proceeding should be enforced here. He argues that, because the arbitrated temporary order was adopted by the trial court in the earlier action, jurisdiction has already been conferred upon the Beth Din to conduct the arbitration in this action. We disagree.

Temporary orders terminate when a petition for dissolution or for legal separation is voluntarily dismissed. *See* § 14–10–108(5)(c), C.R.S.1999. Consequently, we conclude that the temporary order of the Beth Din, or its adoption in the prior proceedings, has no legal effect in this proceeding.

## II.

Husband's primary contention is that the trial court erred in determining that the arbitration agreement related only to the prior legal separation proceedings and has no application here. We agree.

## A.

■ Initially, we conclude that the validity of the arbitration agreement is not governed by the characterization of the proceeding as one for legal separation or for dissolution of marriage.

At the time these parties entered into the agreement, an action for legal separation was pending. The present action was filed later and wife requested that the marriage of the parties be dissolved. Section 14–10–120, C.R.S.1999.

In actions for legal separation or for dissolution of marriage, issues of property division, child custody, child support, and spousal maintenance must be considered with equal finality. Sections 14–10–113 (property), 14–

10–114 (maintenance), 14–10–115 (child support), 14–10–123(1)(a)(I) (child custody), C.R.S.1999. Indeed, a decree of legal separation may be converted to a decree of dissolution of marriage on motion of either party, with notice to the other, six months following the entry of the decree of legal separation. Section 14–10–102(2), C.R.S.1999.

Therefore, while the agreement was entered into in the context of a legal separation proceeding and the parties are now engaged in a dissolution of marriage proceeding, we conclude that this does not affect the validity or applicability of the agreement.

## B.

■ The purpose of the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S.1999 (the Act), is to legitimize and encourage the use of arbitration for the resolution of disputes. *Hughley v. Rocky Mountain Health Maintenance Organization, Inc.*, 927 P.2d 1325 (Colo.1996); *see Huizar v. Allstate Insurance Co.*, 952 P.2d 342 (Colo.1998). The Act seeks to promote that goal with respect to existing and prospective disputes. *Lambdin v. District Court*, 903 P.2d 1126 (Colo. 1995).

Section 13–22–203, C.R.S.1999, of the Act provides as follows:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

■ To determine the scope of an arbitration agreement, a court must examine the wording and must ascertain and give effect to the mutual intent of the parties as well as the subject matter and purposes to be accomplished by the agreement. *See Eychner v. Van Vleet*, 870 P.2d 486 (Colo.App.1993). All doubts whether a dispute is arbitrable are to be resolved in favor of arbitration. *Austin v. U.S. West, Inc.*, 926 P.2d 181 (Colo.App. 1996).

■ Applying these principles here, the language of the agreement evidences an unambiguous intent by the parties to arbitrate all matters related to their marriage, present or future. It contains no qualifying or limiting language, and nothing in the agreement indicates that the parties intended to link the agreement to any particular proceeding.

Accordingly, we conclude that the agreement was not limited to the then pending proceedings but extended to all future controversies, including these proceedings. Because the trial court erred in concluding otherwise, we reverse and remand for further proceedings. *See B & B Livery, Inc. v. Riehl*, 960 P.2d 134 (Colo.1998).

## III.

We also agree with husband that the trial court erred in concluding that he had waived his right to arbitrate.

■ A party may waive a contractual right to arbitration by taking actions that are inconsistent with an arbitration provision and that will prejudice the other party. *Klein v. State Farm Mutual Automobile Insurance Co.*, 948 P.2d 43 (Colo.App.1997).

■ Here, the husband filed his motion to confirm the arbitrated temporary orders simultaneously with his petition for legal separation. Thus, contrary to the trial court's conclusion, the husband did not delay in invoking his right to arbitrate even though his petition may have omitted any reference to the agreement or any orders entered by the Beth Din.

Furthermore, he commenced these proceedings to formalize the orders of the Beth Din and obtain a recognized legal separation in civil court and had received permission from the Beth Din to do so. Thus, his resort to the court did not represent a violation of the terms of the agreement. *See Cordillera Corp. v. Heard*, 200 Colo. 72, 612 P.2d 92 (1980)(waiver occurred where petitioner moved for summary judgment, parties filed extensive briefs, participated in hearing, amended their pleadings, requested a jury trial, and litigation ensued for more than one year before the right to arbitration was invoked).

Nor are we persuaded by the wife's assertion that the husband had defied the previous orders of the Beth Din. Evidence that husband had defied the previous orders of the Beth Din was not before the trial court and, therefore, could not have supported its finding of a waiver.

## IV.

Husband next contends that the trial court lacked jurisdiction to proceed until the Beth Din completes the arbitration. We conclude that other issues regarding the validity of the arbitration agreement must be resolved on remand.

■ Generally, a valid and enforceable arbitration agreement divests the courts of jurisdiction over all disputes to be arbitrated pending the conclusion of arbitration. *Mountain Plains Constructors v. Torrez, supra.* However, while the courts in other jurisdictions have upheld the enforceability of agreements to arbitrate before a Beth Din, they have also concluded that such agreements may be overturned if they involve duress or are otherwise unconscionable. *See Segal v. Segal,* 278 N.J.Super. 218, 650 A.2d 996 (1994) (although settlement agreement reached before a Beth Din was not per se invalid, because it was one-sided and obtained in exchange for granting wife a Jewish divorce, it was unenforceable as a product of duress); *Golding v. Golding,* 176 A.D.2d 20, 581 N.Y.S.2d 4 (N.Y.App.Div. 1992) (even if separation agreement was the product of rabbinical arbitration, the court was still required to examine its substance and procedure by which it was adopted so as to ascertain that there was no fraud, duress or overreaching); *Lieberman v. Lieberman,* 149 Misc.2d 983, 566 N.Y.S.2d 490 (N.Y.Sup. 1991) (absent duress, religious arbitrators did not exceed their authority in entering award which not only granted religious divorce, but decided matters of custody, visitation and economics).

■ Although it did not involve an agreement of this nature, a division of this court has concluded that property matters may not be arbitrated in a dissolution action if either party has been coerced into participating in such arbitration. *See In re Marriage of Gavend,* 781 P.2d 161 (Colo.App.1989).

Thus, while the Act gives force to an agreement to arbitrate, such agreement, nevertheless, remains subject to the test of conscionability applicable to separation agreements, *see* § 14–10–112, C.R.S.1999, and, as well, to the standards of voluntariness, fair disclosure, and conscionability applied to marital agreements under § 14–2–307, C.R.S.1999.

Consequently, we conclude that in order for the agreement to be enforceable, it must be conscionable and must be entered into by the parties voluntarily after full disclosure.

Because the trial court here concluded that the scope of the agreement did not extend to this action and never addressed wife's assertion that the agreement should be stricken because of the unfair bargaining power, the trial court, on remand and before staying the proceedings, must determine whether the agreement is conscionable and entered into freely and voluntarily by the parties.

## V.

Because it will necessarily arise on remand, we also address and reject husband's contention that the agreement divests the trial court of jurisdiction over matters relating to the children.

Section 14–10–128.5, C.R.S.1999, provides that:

(1) With the consent of all parties, the court *may appoint* an arbitrator to resolve disputes between the parties concerning the parties' minor or dependent children, including but not limited to parenting time, nonrecurring adjustments to child support, and disputed parental decisions. Notwithstanding any other provision of law to the contrary, all awards entered by an arbitrator appointed pursuant to this section shall be in writing. The arbitrator's award shall be effective immediately upon entry and shall continue in effect until vacated by the arbitrator pursuant to section 13–22–214, C.R.S., modified or corrected by the arbitrator pursuant to section 13–22–215, C.R.S., *or modified by the court pursuant*

*to a de novo review* under subsection (2) of this section.

(2) Any party may apply to have the arbitrator's award vacated, modified, or corrected pursuant to the 'Uniform Arbitration Act of 1975', part 2 of article 22 of title 13, C.R.S., *or may move the court to modify the arbitrator's award pursuant to a de novo review of such award.* (emphasis added)

 We are bound to construe § 14–10–128.5 *in pari materia* with the Act if possible. *See Aurora v. Board of County Commissioners,* 919 P.2d 198 (Colo.1996)(statutes relating to the same subject matter must be construed together to effectuate the intent of the General Assembly and the reviewing court shall also reconcile such statutes so as to give effect to all the provisions of each statute).

Applying that principle, we conclude that, while the issues of child custody, visitation, child support, and other matters relating to the children are arbitrable, the trial court retains jurisdiction to decide all issues relating to the children, de novo upon the request of either party.

## VI.

The parties also disagree as to whether an arbitration award entered in an action under the Uniform Dissolution of Marriage Act should be reviewed under the test of conscionability or whether it is subject to review under §§ 13–22–214 and 215, C.R.S.1999, of the Act.

Because no arbitration award has been made, the issue is not before us for review. Therefore, we need not, and do not, decide that issue.

## VII.

 Finally, wife seeks an award of attorney fees incurred in this appeal under § 14–10–119, C.R.S.1999. Because the award of attorney fees in dissolution proceedings is discretionary with the trial court and

is related to an evaluation of the overall economic situation of the parties, we conclude that an award of attorney fees incurred on this appeal is best addressed to the sound discretion of the trial court. *See In re Marriage of Cespedes,* 895 P.2d 1172 (Colo.App. 1995).

However, we reject the wife's request for fees in conjunction with her objections and response to the husband's motion to strike. *See In re Marriage of Folwell,* 910 P.2d 91 (Colo.App.1995).

The order is reversed and the cause is remanded to the trial court with directions to determine whether the arbitration agreement meets the requirements of §§ 14–10–112 and 14–2–307, and in accordance with the views expressed in this opinion. If the trial court finds that the agreement meets the statutory requirements, the cause should be stayed pending arbitration by the Beth Din subject to the right of either party to seek a de nova review of any matters decided by the Beth Din affecting the children.

Judge ROTHENBERG and Judge PIERCE * concur.