In re the MARRIAGE OF Wendy
BARKER, n/k/a Wendy
Jilek, Appellant,

and

Randall Charles Barker, Appellee.

No. 10CA0109.

Colorado Court of Appeals,
Div. A.

Nov. 24, 2010.

Catherine C. Burkey, P.C., Catherine C. Burkey, Grand Junction, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Chief Judge DAVIDSON.

In this post-dissolution of marriage matter between Wendy Barker, now known as Wendy Jilek (mother), and Randall Charles Barker (father), mother appeals from the trial court's order denying her motion to set aside the parties' mediated parenting time agreement. We affirm.

## I. Background

The parties' marriage was dissolved in 2006, and they have one child together. Their parenting plan, which was incorporated into the dissolution decree, designated mother as the child's primary residential parent with a schedule of parenting time for father. The plan further provided that if either party relocated, the parties would agree to modify parenting time accordingly, and that, if they could not agree on any issue involving the child, they would engage in mediation.

In 2009, father relocated to Wyoming and moved to modify parenting time on account of his new location. The parties mediated as required by the parenting plan and reached an agreement to allocate to father holiday parenting time in Wyoming and one weekend every month in Colorado. Although the agreement was not reduced to writing and signed by the parties, its terms were recited on the record and both parties agreed that the terms were in the child's best interests. Neither party objected when the mediator indicated on the record that he would request that the trial court adopt the agreement as an order, and the trial court subsequently did so.

Mother then moved to set aside the agreement, contending that section 13–22–308, C.R.S.2010, requires that a mediated settlement agreement be reduced to writing and signed by the parties before it may be enforced as a court order. The trial court denied the motion, finding that, by placing the agreement on the record, the parties entered into an enforceable contract. Mother's appeal followed.

## II. Agreements Concerning Parenting Time

Mother contends that the trial court erred by adopting the parties' mediated parenting time agreement as an order when the agreement was not reduced to writing and signed by the parties as required by section 13–22–308. Because we conclude that section 13–22–308 does not control in the context of an agreement to modify parenting time, we disagree. See In re Marriage of Rodrick, 176 P.3d 806, 810 (Colo.App.2007) ("An appellate court may affirm a trial court's correct judgment based on different reasoning than the trial court used.").

The best interest of the child is the controlling factor for a trial court when entering any order relating to parenting time. See In re Marriage of Elmer, 936 P.2d 617, 620 (Colo.App.1997); see also Griffin v. Griffin, 699 P.2d 407, 409–10 (Colo.1985) ("Determinations affecting the custody and welfare of children must always be made in accordance with the best interests of the child.").

Thus, parenting time agreements are not binding, and courts must judge such agreements independently under the best interests of the child standard. See § 14–10–122(2), C.R.S.2010; Griffin, 699 P.2d at 410; In re Marriage of Lawson, 44 Colo.App. 105, 108, 608 P.2d 378, 380 (1980); see also In re Marriage of Dureno, 854 P.2d 1352, 1356–57 (Colo.App.1992) ("[I]n matters of child custody and visitation, the rights and wishes of the parents must be subordinated to the child's paramount interests and needs.").

The trial court has broad discretion when modifying an existing parenting time order, taking into consideration the child's best interests and the policy of encouraging parent-child relationships. In re Marriage of Hatton, 160 P.3d 326, 330 (Colo.App.2007). An appellate court reviews a trial court's modification decision under an abuse of discretion standard. See id. ("The trial court's discretion in such matters is broad, and every presumption that supports upholding the court's decision will be exercised.").

Here, mother does not contend that the parties' mediated agreement that father have holiday parenting time with the child in Wyoming and one weekend a month in Colorado is not in the child's best interests. Indeed, she stated to the contrary on the record. Her only contention is that in adopting the mediated agreement and modifying parenting time accordingly, the trial court violated a provision of the Dispute Resolution Act, sections 13–22–301 to –313, C.R.S.2010, requiring that mediated agreements be reduced to writing and signed by the parties before being presented to the court for approval and enforcement as a court order. See § 13–22–308.

In dissolution cases, the Uniform Dissolution of Marriage Act (UDMA), sections 14–10–101 to –133, C.R.S.2010, takes precedence over other laws, including those applicable to alternative dispute resolution generally. See In re Marriage of Rozzi, 190 P.3d 815, 819 (Colo.App.2008) (holding that specific UDMA provision concerning appointment of a parenting coordinator controlled in dissolution case over conflicting provision of the Dispute Resolution Act); In re Marriage of

*Popack*, 998 P.2d 464, 468 (Colo.App.2000) (holding that agreement to arbitrate in a dissolution case was subject to UDMA conscionability test); *see also In re Marriage of Lafaye*, 89 P.3d 455, 459 (Colo.App.2003) (holding that UDMA, and not general contract principles or the doctrines of promissory and equitable estoppel, applied to determine enforceability of separation agreement); *In re Marriage of Plesich*, 881 P.2d 379, 380–81 (Colo.App.1994) (holding that hold harmless provision in decree must be construed consistently with UDMA policies requiring equitable division of assets and mitigation of harm to spouses and children, and that these policies take precedence over any concepts of general contract law).

Under the UDMA, a trial court may modify an existing parenting time order when the modification serves the best interests of the child. § 14–10–129(1)(a)(I), C.R.S.2010; *In re Marriage of DePalma*, 176 P.3d 829, 834 (Colo.App.2007). UDMA modification statutes contain exceptions allowing the court to modify parental responsibility orders, if doing so is in the best interests of the child, when "[t]he parties agree to the modification." *See* §§ 14–10–129(2)(a), 14–10–131(2)(a), C.R.S.2010. These statutes do not require the parties' agreement to be reduced to writing or signed.

Additionally, oral agreements in other contexts under the UDMA have been approved and adopted as court orders. *See In re Marriage of Burke*, 39 P.3d 1226, 1228 (Colo.App.2001) ("[T]he parties' oral agreement was never reduced to writing, so review is limited to the provisions read into the record at the time the decree was entered."); *In re Marriage of Chambers*, 657 P.2d 458, 461 (Colo.App.1982) ("[T]he trial court did not err in approving the oral separation agreement presented by the parties....").

■ Accordingly, because pursuant to the UDMA, the trial court may modify parenting time whenever doing so would be in the child's best interests, and mother does not dispute that the parties' modification agreement is in the child's best interests, we conclude that the court did not abuse its discretion in adopting the agreement and modifying parenting time accordingly despite that the agreement was not reduced to writing or signed.

In so holding, we note that our disposition is consistent with the underlying policy of the UDMA to encourage and promote amicable resolution of disputes. *See* § 14–10–102(2)(a), C.R.S.2010; *Mockelmann v. Mockelmann*, 121 P.3d 337, 340 (Colo.App.2005). Finality, particularly in parental responsibility disputes, is another important policy goal in dissolution actions. *See Mockelmann*, 121 P.3d at 340; *see also People v. Coyle*, 654 P.2d 815, 819 (Colo.1982) (recognizing that interest in finality of child custody order outweighed criminal defendant's right to collaterally attack constitutionality of order). Additionally, the General Assembly has declared at section 14–10–104.5, C.R.S.2010, that it is in the best interests of children for parents to honor obligations and commitments in dissolution proceedings. *See In re Marriage of Meisner*, 807 P.2d 1205, 1208 (Colo.App.1990) ("Both parties should honor and fulfill all obligations made between them and ordered by the court.").

These general policies and the specific modification provisions of the UDMA take precedence in dissolution cases over the requirements of section 13–22–308, which apply to alternative dispute resolution generally.

In light of our disposition, we need not address mother's contention that placing the terms of the agreement on the record was not sufficient to create an enforceable contract between the parties.

The order is affirmed.

ROVIRA * and NEY *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. I, § 5(3), and

§ 24–51–1105, C.R.S.2010.