Colorado Court of Appeals Opinions || February 25, 2016

Colorado Court of Appeals -- February 25, 2016
2016 COA 27. No. 14CA2258. In re the Marriage of Vanderborgh and Krauth.

  

 
 
 
 COLORADO COURT OF APPEALS

 
 2016 COA 27

 
 

  

 Court of Appeals No. 14CA2258
 Boulder County District Court No. 10DR213
 Honorable Bruce Langer, Judge 

 In re the Marriage of Craig Allen Vanderborgh 

 Appellant, 

 v.

 Heidi Krauth,

 Appellee. 

  ORDER AFFIRMED AND CASE
 REMANDED WITH DIRECTIONS

 Division III
 Opinion by JUDGE BERGER
 Webb and Fox, JJ., concur

 Announced February 25, 2016 

  Wedgle Epstein, P.C., Steven B. Epstein, Denver, Colorado; Cox Baker & Page, LLC, Anne Whalen Gill, Castle Rock, Colorado, for Appellant

 Christopher C. Jeffers, Boulder, Colorado, for Appellee

 
  

 ¶1         In this post-dissolution of marriage parenting time dispute between Craig Allen Vanderborgh (father) and Heidi Krauth (mother), father appeals the district court’s order denying him a de novo hearing concerning a parenting time ruling by the arbitrator appointed under section 14-10-128.5, C.R.S. 2015. We affirm and remand the case to the district court to decide mother’s request for appellate attorney fees.

 I. Background

 ¶2         The parties’ marriage ended in 2010. They agreed to a parenting plan for their minor child whereby father would exercise two overnight visits a week and the parties would work toward increasing his overnight visits to five in every two-week period. They further agreed to resolve any future parenting time disputes through mediation and arbitration and asked the court to appoint an arbitrator under section 14-10-128.5. The district court approved and adopted their plan, finding that it was in the child’s best interests. It also appointed the arbitrator they had requested.

 ¶3         In 2011, the parties disagreed on expanding father’s parenting time. The arbitrator issued a decision granting father some, but not all, of the additional time requested, and father moved for a de novo hearing, arguing that his time should be further increased. The district court confirmed the arbitrator’s ruling and denied father’s request for a de novo hearing. Father did not appeal that order. At the parties’ request, the court also appointed a new arbitrator.

 ¶4         Father then agreed to reduce his parenting time to six overnight visits a month for an unspecified period of time, and, in January 2014, the court adopted the parties’ stipulation.

 ¶5        Father later sought equal parenting time for the summer of 2014. Mother objected to a modification of the parenting time. The arbitrator decided that the then-current parenting schedule should continue and denied father’s request. The district court confirmed this arbitration award and no appeal was taken from that order.

 ¶6&         A short time later, father again attempted, over mother’s objection, to increase his parenting time for the 2014-15 school year. The arbitrator again decided that the then-current schedule should continue. Father moved for a de novo hearing, under section 14-10-128.5(2), on his motion to modify the parenting time schedule. The court denied his request for a de novo hearing and confirmed the arbitrator’s decision. Father now appeals.

 II. A De Novo Hearing Is Not Mandatory Under the Statute

 
  

 ¶7         Father first contends that the district court erred by denying him a de novo hearing on his request for equal parenting time during the school year because he claims that section 14-10­128.5(2) mandates such a hearing whenever a party requests one.

 ¶8         Statutory interpretation is a question of law that we review de novo. Wolf Ranch, LLC. v. City of Colorado Springs, 220 P.3d 559, 563 (Colo. 2009). When interpreting a statute, we must ascertain and effectuate the intent of the General Assembly. People v. Diaz, 2015 CO 28, ¶12. If the statutory language is clear and unambiguous, no further statutory analysis is required, and we apply the statute as written. Romero v. People, 179 P.3d 984, 986 (Colo. 2007). We construe the statute as a whole, in an effort to give consistent, harmonious, and sensible effect to all its parts, and we read the words and phrases in context and construe them according to the rules of grammar and common usage. § 2-4-101, C.R.S. 2015; Davison v. Indus. Claim Appeals Office, 84 P.3d 1023, 1036 (Colo. 2004). “We do not add words to the statute or subtract words from it.” Turbyne v. People, 151 P.3d 563, 567 (Colo. 2007).

 ¶9         If the statutory language is susceptible of more than one reasonable interpretation, it is ambiguous, and only then will we apply interpretive aids to ascertain the General Assembly’s intent. Diaz, ¶13. “The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.” Id. (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)).

 ¶10         Most Colorado arbitration awards are challengeable only under the Colorado Uniform Arbitration Act (CUAA), sections 13-22­201 to -230, C.R.S. 2015. An arbitration award may be vacated under the CUAA only if one of the five statutory grounds for vacatur is established. § 13-22-223, C.R.S. 2015; see also Byerly v. Kirkpatrick Pettis Smith Polian, Inc., 996 P.2d 771, 774-75 (Colo. App. 2000). Father did not seek review of the arbitrator’s award under the CUAA.

 ¶11         But section 14-10-128.5(2) provides for an additional type of review of arbitration awards involving disputes over the parties’ minor or dependent children, including, as relevant here, disputes regarding parenting time.

 ¶12         Section 14-10-128.5(2) provides in pertinent part:

 Any party . . . may move the court to modify the arbitrator’s award pursuant to a de novo hearing concerning such award by filing a motion for hearing no later than thirty-five days after the date of the award. In circumstances in which a party moves for a de novo hearing by the court, if the court, in its discretion based on the pleadings filed, grants the motion and the court substantially upholds the decision of the arbitrator, the party that requested the de novo hearing shall be ordered to pay the fees and costs of the other party . . . .

 (Emphasis added.)

 ¶13         Father contends that section 14-10-128.5 grants him an absolute right to a de novo hearing upon his request and that the district court erred in denying him one. In support of his position, he asserts that section 14-10-128.5(2) is susceptible of two or more reasonable interpretations and thus is ambiguous.

 ¶14         His argument turns on the phrase “grants the motion.” He contends that the word “motion” could refer to either a motion to modify the arbitrator’s award or a motion for a de novo hearing. He then asserts that, in context, the General Assembly could only have intended to give the court discretion to modify an arbitrator’s award, not discretion whether to grant or deny a de novo hearing. We reject this argument and instead conclude that the plain language of the statute gives the court discretion to grant or deny a party’s motion for a de novo hearing.

 ¶15         The purpose of a de novo hearing is for the court to hear the relevant evidence and base its decision whether to “substantially uphold[]” the arbitrator’s decision on the evidence, not just the “pleadings.” See B.C., Ltd. v. Krinhop, 815 P.2d 1016, 1018 (Colo. App. 1991). Under father’s interpretation, only the “pleadings filed,” but not the arguments or evidence presented at the de novo hearing, could be considered in making the decision on the merits of the parenting time dispute. That makes no sense. Instead, we conclude that the only reasonable reading of these words is that upon the filing of a motion for a de novo hearing, the court considers the “pleadings filed” in exercising its discretion whether to grant a de novo hearing. Then, if those pleadings persuaded the court to grant a de novo hearing, it will consider the pleadings and the arguments and evidence presented at that hearing on the ultimate question of whether the motion to modify the arbitrator’s award should be granted or denied.

 ¶16         Father also argues that because denial of a right to a de novo hearing would violate his rights to due process, we should apply the rule of construction that requires a court to choose the interpretation of a statute that meets constitutional requirements. See State, Dep’t of Labor & Employment v. Esser, 30 P.3d 189, 194 (Colo. 2001). But that rule of construction applies only when a statute is ambiguous, and we have concluded that the statute is not ambiguous. See Fields v. Suthers, 984 P.2d 1167, 1172 (Colo. 1999). Even if the statute were ambiguous, we would reject reliance upon this rule of construction because, as discussed later in this opinion, a statutory scheme in which de novo review of an arbitration award is discretionary does not violate father’s due process rights.

 ¶17         Finally, father’s reliance on In re Marriage of Popack, 998 P.2d 464, 468-69 (Colo. App. 2000), to support his assertion that a de novo hearing is mandatory is misplaced for two reasons. First, the Popack court construed a previous version of the statute, which did not contain the “in its discretion” language that is before us. See id. Second, even under the former statute, the Popack court concluded only that the trial court “retains jurisdiction” to decide issues relating to the children de novo, not, as father argues, that a de novo hearing is mandatory whenever one is requested. See id.; see also In re Marriage of Rivera, 2013 COA 21, ¶15.

 III. Section 14-10-128.5(2)’s Grant of Discretion to the District
 Court Is Not Unconstitutional as Applied to Father or the Child

 ¶18         Father next argues that section 14-10-128.5(2) is unconstitutional as the district court applied it because it “allows an arbitration decision on parenting time, a constitutionally protected interest, without procedural safeguards and only discretionary review.” He further argues that the parties’ child has been denied equal protection because he does not have the same rights as children whose parents do not choose arbitration for parenting time disputes. We reject both contentions.

 ¶19         Our review of the constitutional issues father raises is de novo. See Morris-Schindler, LLC v. City & Cty. of Denver, 251 P.3d 1076, 1084 (Colo. App. 2010). Because the district court addressed the constitutional issue, the question is properly before us.

 A. Father’s Fundamental Rights As a Parent

 ¶20         Father has both a fundamental substantive right, protected by the Constitution, to parent his child, see Troxel v. Granville, 530 U.S. 57, 65-66 (2000), and a procedural due process right with respect to the adjudication of the parenting time dispute. See In re Marriage of Goellner, 770 P.2d 1387, 1388-89 (Colo. App. 1989). Neither of those rights was violated by the arbitrator’s decision allocating parenting time between him and the child’s mother.

 ¶21         First, in In re Marriage of DePalma, 176 P.3d 829, 832 (Colo. App. 2007), a division of this court held that the Troxel presumption in favor of a fit parent’s decisions concerning his or her child is not implicated in a dispute between parents in a dissolution of marriage case. Even if we assume father’s constitutional right to parent his child is implicated here, an agreement to arbitrate does not waive a party’s substantive rights. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985). Rather, the agreement “trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.” Id. Under both federal and Colorado law, arbitration is a favored method for dispute resolution. See Preston v. Ferrer, 552 U.S. 346, 353 (2008); In re Marriage of Dorsey, 2014 COA 19, ¶10. This is particularly true in dissolution of marriage cases in which the General Assembly has determined that encouraging amicable settlement and avoiding harm to children from the litigation process itself are important goals. See §§ 14-10-102(2)(a)-(b), 14-10-104.5, C.R.S. 2015; see also In re Marriage of Barker, 251 P.3d 591, 592 93 (Colo. App. 2010).

 ¶22         Second, father’s right to challenge the arbitration award under the CUAA and his right to request (but not necessarily receive) a de novo hearing under section 14-10-128.5 sufficiently protect his rights to procedural due process. In State Farm Mutual Automobile Insurance Co. v. Broadnax, 827 P.2d 531, 537 (Colo. 1992), the supreme court held that mandatory arbitration does not violate due process so long as fair procedures are provided and ultimate judicial review is available. Here, arbitration was not mandatory; father voluntarily agreed to it. Moreover, the type of judicial review of the arbitration award considered by the court in Broadnax was the very limited review under the CUAA only, not the additional review that may be sought under the Uniform Dissolution of Marriage Act. Thus, if the type of judicial review addressed in Broadnax met due process requirements, the greater opportunity for judicial review provided to father under section 14-10-128.5(2) necessarily meets due process requirements. 

 ¶23         To the extent father argues that his consent to arbitration, and therefore waiver of the litigation process for the present dispute involving school-year parenting time, was not knowing and voluntary, his argument is disproved by the record. See Columbine Valley Constr. Co. v. Bd. of Dirs., 626 P.2d 686, 692-93 (Colo. 1981) (rejecting due process argument based on the facts underlying the parties’ execution of their contract requiring arbitration and that the arbitration proceedings were conducted with their full participation).

 ¶24         The record reflects that father was represented by counsel in 2010 when he agreed to a mediation and arbitration process for resolving parenting time disputes. He then participated in proceedings before the arbitrator, stipulated with mother to choose a new arbitrator, and participated in more proceedings before the new arbitrator, all while being represented by counsel. Accordingly, we reject father’s argument that his waiver was not knowing and voluntary.

 B. The Child’s Rights

 ¶25         Father asserts, purportedly on behalf of his child, that the child’s constitutional rights, including the right to equal protection under the law, were violated. Assuming that father, as the child’s parent, has standing to make this argument, see Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 841 n.44 (1977); Lewis v. Thompson, 252 F.3d 567, 585 (2d Cir. 2001), we conclude that the child’s rights were adequately protected under the dissolution statutes, including section 14-10-128.5, which permitted father to choose arbitration rather than litigation for parenting time decisions.

 ¶26         As the supreme court held in In re Marriage of Hartley, 886 P.2d 665, 674-76 (Colo. 1994), any independent rights of a child are protected in dissolution of marriage cases by the application of the statutory best interests of the child standard. See § 14-10­123.4(1)(a), C.R.S. 2015 (children have the right to have parental responsibilities determined based on their best interests); § 14-10­124(1.5), C.R.S. 2015 (requiring a court to allocate parental responsibilities in accordance with a child’s best interests, giving paramount consideration to the child’s safety and physical, mental, and emotional conditions and needs); see also Barker, 251 P.3d at 592. 

 ¶27         As the district court noted in its order, and the record confirms, the arbitrator conducted a hearing, applied the statutory best interests factors relative to parenting time, and issued a coherent and reasonable ruling expressly based on her evaluation of the child’s best interests.

 ¶28         For example, the arbitrator found that father had moved far enough away from where mother lived “that it simply doesn’t work for him to have 50-50 parenting time during the school year” because “[i]t’s too far to commute for school and activities on a regular basis, and [father] has not been supportive of [the child’s] planned activities.” See § 14-10-124(1.5)(a)(VII), (VIII) (requiring a court to consider whether the parties’ past involvement with the child reflects mutual support, and the physical proximity of the parties to each other as it relates to practical parenting time considerations).

 ¶29         She also noted father’s inability to understand the child’s developmental needs, father’s inability to support the child’s relationship with mother, and father’s past ambivalence about requesting more parenting time and frequent changes of mind about the schedule. See § 14-10-124(1.5)(a)(VI), (XI) (requiring a court to consider the ability of the parties to encourage the sharing of love and affection between the child and the other party, and the ability of each party to put the child’s needs ahead of his or her own needs). Accordingly, the arbitrator found that equally shared parenting time during the school year was not in the child’s best interests.

 ¶30         Again, assuming that father has standing to raise this claim, we also reject father’s argument that his choice of arbitration to resolve parenting time disputes violated the child’s right to equal protection. Children retain the rights recognized under sections 14­10-123.4 and 14-10-124 to have parenting time decisions made based on their best interests regardless of whether parenting time disputes are resolved through arbitration or litigation. Nothing in the arbitration process generally or this particular arbitration proceeding establishes or even suggests that the child’s rights under these statutes were not fully protected. And, we again note arbitration’s favored status as a dispute resolution method, particularly in dissolution of marriage cases involving parenting time.

 IV. Father Did Not Waive His or the Child’s
 Constitutional Rights By Choosing Arbitration

 ¶31         By choosing arbitration under section 14-10-128.5, father waived his right to have parenting time issues decided only by the district court. Cf. Columbine Valley Constr., 626 P.2d at 692-93 (due process rights connected with the litigation process are subject to knowing and voluntary waiver by parties’ agreement to submit claim to arbitration). He did not waive his fundamental rights as a parent, however, merely by choosing an alternative dispute resolution method, as specifically permitted under the statute, for parenting time disputes. As we conclude above, father’s fundamental right to parent his child is not implicated in this parenting time dispute regardless of whether that dispute was resolved by litigation or arbitration. Moreover, he and the child were not deprived of contact with each other as a result of the arbitrator’s ruling to continue the current parenting time schedule.

 ¶32         Nor did he waive the child’s right to have parental responsibilities determined according to the child’s best interests because that right does not dissipate irrespective of the identity of the adjudicator. Indeed, the arbitrator specifically found that continuing the current parenting schedule was in the child’s best interests.

 V. The District Court Did Not Abuse Its Discretion in Denying a De
 Novo Hearing Under the Circumstances

 ¶33         Because we have concluded that the court’s decision denying a de novo hearing did not violate father’s or the child’s constitutional rights, we reject father’s argument that the decision constitutes an abuse of discretion because it violates such rights.

 ¶34         The district court’s order does not support father’s argument that the court applied an incorrect legal standard when determining father’s request for a de novo hearing. Rather, the court properly stated the statutory standard — “A petition for de novo review of an arbitration award is addressed to the sound discretion of the Court.” And it indicated that it applied that standard in reviewing father’s petition. The court’s reference earlier in the order to “egregious irregularities” in the arbitration process did not refer to the standard it applied to father’s motion, but rather to the protections the arbitration process provided for his due process rights. 

 ¶35         Last, father has not cited, nor have we found, any legal authority supporting his arguments that a record was required to be made of the proceedings before the arbitrator, or that, without such a record, the district court had to grant a hearing. And we note that although the arbitrator made detailed findings as to the reasons for her parenting time ruling, an arbitrator need not make such findings. See Treadwell v. Vill. Homes of Colo., Inc., 222 P.3d 398, 401-02 (Colo. App. 2009). Thus, father’s stated reason for needing a record of the proceeding — because the arbitrator did not adequately explain her ruling — is not applicable in this case.

 ¶36         In sum, we discern no abuse of the district court’s discretion in denying father a de novo hearing on his request for equally shared parenting time during the school year.

 VI. Appellate Attorney Fees

 ¶37         Mother requests her attorney fees incurred on appeal under section 14-10-119, C.R.S. 2015, which allows courts to apportion fees in dissolution cases between the parties based on relative ability to pay. See In re Marriage of Gutfreund, 148 P.3d 136, 141 (Colo. 2006). Because the district court is better equipped to evaluate the parties’ current financial resources, we remand her request to the district court. See C.A.R. 39.5; In re Marriage of Williamson, 205 P.3d 538, 543 (Colo. App. 2009).

 ¶38         Father also requests appellate fees as a sanction against mother for what he contends are misstatements in the answer brief. In light of our disposition, and because we do not agree that sanctions are appropriate under C.A.R. 38 based on the answer brief, we deny father’s request.

 VII. Conclusion

 ¶39         The order is affirmed, and the case is remanded to the district court to determine mother’s request for appellate attorney fees under section 14-10-119.

 ¶40         JUDGE WEBB and JUDGE FOX concur.

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Court of Appeals Opinions || February 25, 2016

Back