25CA1108 Parental Resp Conc JLM 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1108
Weld County District Court No. 19DR1035
Honorable Allison J. Esser, Judge

---

In re the Parental Responsibilities Concerning J.L.M. and J.J.L.M., Children,

and Concerning Kyrsten Anne Jellico,

Appellant,

and

Brandan Miller,

Appellee.

---

ORDERS AFFIRMED

Division A
Opinion by JUDGE TOW
Román, C.J., and Yun, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Kyrsten Anne Jellico, Pro Se

Cordell Law, LLP, Keri E. McCallister, Colorado Springs, Colorado, for Appellee

¶ 1     In this post-decree parental responsibilities proceeding involving Kyrsten Anne Jellico (mother), Brandan Miller (father), and their two children, J.L.M. and J.J.L.M., mother appeals the district court's orders modifying the summer parenting time schedule and denying her request to modify the decision-making allocation.  We affirm both orders.

## I.     Background

¶ 2     Mother and father have two children together.  In September 2022, when the district court entered permanent orders allocating parental responsibilities, the children were seven and almost four years old.  The permanent orders adopted an agreement regarding parenting time and decision-making that the parties had placed on the record several months earlier.[1]  Under that agreement, the children would live primarily with mother in Nebraska, while father would have parenting time two weekends per month — one in Colorado and one in Nebraska.  As for summer parenting time, father began with four weeks spread over the summer but then

---

[1] After the agreement was read into the record, the parties litigated its enforceability for several months.  The district court eventually concluded it was enforceable and adopted it as the permanent orders in the case.

shifted to a two-weeks-on, two-weeks-off schedule in 2023. The parties also agreed to share joint decision-making responsibility.

¶ 3    In March 2025, father moved to modify summer parenting time so that the children would live with him for the summer except for the two weeks before the start of the next school year. Mother countered with a motion to reduce father's summer parenting time. She also filed a motion to modify decision-making responsibility, requesting sole decision-making authority. In conjunction with that motion, mother requested the appointment of a child and family investigator (CFI).

¶ 4    At a status conference held a few weeks before the hearing, the district court declined to appoint a CFI for the parenting time motions but held the request in abeyance for other purposes. The court also indicated that the upcoming hearing would be limited to the parenting time issues, and not the motion to modify decision-making responsibility.

¶ 5    During the evidentiary hearing, mother renewed her earlier request — held in abeyance until the hearing — that the court conduct an in camera interview with the children. The court declined. At the conclusion of the hearing, the court denied

mother's request for a CFI to address decision-making responsibility and set the matter for an oral ruling the following week on the parenting time modification.

¶ 6 During its oral ruling, the court made findings on the record and announced a new summer parenting plan: one schedule for the summer of 2025 and another for the summers thereafter. The court later reduced the parenting time schedule to writing without reiterating its findings; instead, the written order simply says, "For the reasons stated verbally on the record[,] . . . the court modifies parenting time as follows" before laying out the new schedule.

¶ 7 That same day, the court entered another written order denying mother's motion to modify decision-making responsibility, noting, "[T]here is nothing in the motion that alleges facts have arisen since the prior order for joint decision making that were unknown to the court at the time of the prior order and there is no evidence that the status quo endangers the children." As a result, it did "not find that an evidentiary hearing is necessary to resolve disputed questions of fact or law or reach a fair resolution of the issues raised."

¶ 8 Mother appeals both orders.

## II. The Appellate Record

¶ 9 As a threshold issue, we address the state of the appellate record. Mother did not initially designate the transcripts of the pretrial hearing, the evidentiary hearing, or the court's oral ruling. Two weeks after filing her opening brief, however, mother moved to supplement the record with those transcripts, representing that she had previously been unable to obtain them "due to financial limitations" but had "since arranged to obtain these transcripts." This court granted the motion.

¶ 10 Shortly thereafter, mother filed two more motions: one stating that she would file a "Statement of the Evidence or Proceedings" in accordance with C.A.R. 10(e) "due to financial hardship and the prohibitive cost of obtaining certified transcripts," and the other purporting to provide a unilateral summary of the three hearings in lieu of the transcripts. This court denied both requests, noting that C.A.R. 10(e) requires the parties to agree to such statements of evidence and the district court to approve that agreement. In light of mother's representations about her inability to obtain the transcripts, this court also vacated the earlier order granting the request to supplement the record. Notwithstanding that ruling, the

district court provided a supplemental record containing the pretrial hearing transcript — the only transcript mother was able to pay for, according to the district court appeals clerk.

¶ 11 Thus, the appellate record contains the pretrial hearing transcript but no others.[2]

¶ 12 As the appellant, mother is responsible for providing an adequate record for us to review, including "transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). We recognize that the unavailability of free transcripts can create real difficulty for some appellants in civil cases. But C.A.R. 10 provides a mechanism to address those difficulties. Unfortunately, mother's efforts to provide the record in an alternative form did not comply with that rule. And when the appellant fails to provide transcripts, "the reviewing court must presume that the record supports the judgment." *In re Marriage of Dean,* 2017 COA 51, ¶ 13.

---

[2] Technically, the transcript of the December 2021 hearing at which the parties read their initial agreement into the record is also part of the appellate record, as it was filed as an exhibit to a motion during the pre-permanent-orders litigation. But that transcript is not relevant to this appeal except to the extent it contains the orders the parties later sought to modify.

### III.    Mother's Appellate Claims

¶ 13    We turn, then, to mother's challenges to the order modifying summer parenting time and the denial of her request to modify decision-making responsibility.

### A.    Standard of Review

¶ 14    "The trial court has broad discretion when modifying an existing parenting time order, taking into consideration the child's best interests and the policy of encouraging parent-child relationships." *In re Marriage of Barker*, 251 P.3d 591, 592 (Colo. App. 2010).  The same standard applies to modifications of decision-making responsibility.  *In re Marriage of Hatton,* 160 P.3d 326, 335 (Colo. App. 2007).  We will therefore disturb such an order only if the court abused that discretion, meaning its decision misapplied the law or was manifestly arbitrary, unreasonable, or unfair.  *In re Marriage of Collins*, 2023 COA 116M, ¶ 8.

### B.    Modification of Summer Parenting Time

¶ 15    Mother makes several arguments as to why, in her view, the modification of summer parenting time is not in the children's best interests.  In support, she frequently cites matters outside the appellate record, which we cannot consider.  More fundamentally,

as noted, the absence of the transcripts requires us to presume that the record supports the district court's decision.  *See Dean*, ¶ 13.

¶ 16    In short, while mother clearly disagrees with the district court's decision, she points to nothing in the appellate record that demonstrates that the decision was manifestly arbitrary, unreasonable, or unfair.  Nor has she shown that the court misapplied the law.  And she directs us to nothing in the record that would overcome the presumption that the missing transcripts support the district court's decision.  We thus discern no error.

### C.    Denial of the Motion to Modify Decision-Making

¶ 17    Mother contends that, notwithstanding the district court's unequivocal statement at the pretrial hearing that it would not address the motion to modify decision-making at the evidentiary hearing, the court nevertheless denied the motion at the same time it issued its written order modifying the summer parenting time schedule.  And, mother argues, the court did so "without a reasoned evidentiary basis."  Thus, mother contends, the district court abused its discretion by ruling on the motion despite limiting the hearing to the parenting time issues.

¶ 18    Mother misapprehends the basis for the district court's order. The court denied the motion not on the basis of the evidentiary hearing, but on the face of the motion itself — specifically, because the motion failed to allege facts arising after the prior order, or unknown to the court at the time of that order, sufficient to meet the threshold for modifying decision-making. *See* § 14-10-131(2), C.R.S. 2025.

¶ 19    To the extent mother addresses the legal sufficiency of her motion, she argues that modification is permitted "where one parent consistently defers decision-making to the other or where mutual decision-making has failed." She is partially correct. The statute does not permit modification simply because joint decision-making "has failed," but section 14-10-131(2)(b.7) does permit modification where one parent has consistently consented to the other party exercising sole decision-making.

¶ 20    Nevertheless, mother's appellate briefing does not identify any specific allegations in her motion showing that she sufficiently alleged that father consistently consented to her exercising sole decision-making. She does not even challenge the district court's determination that the motion was legally insufficient to warrant a

8

hearing. Instead, mother devotes her entire argument on this issue to the merits of her request for the modification.

¶ 21 Under what is known as the party presentation principle, we rely on the parties to frame the issues to be decided and, as neutral arbiters of the matters raised, refrain from making arguments for the parties. *Brubaker v. Colo. Sun*, 2026 CO 18, ¶ 52. And while we "must interpret pro se . . . motions liberally, liberal construction does not include inventing arguments not made by the pro se party." *Minshall v. Johnston*, 2018 COA 44, ¶ 21.

¶ 22 Mother has not demonstrated that the district court abused its discretion. Thus, we will not disturb the order denying her motion to modify decision-making responsibility.

IV. Father's Request for Appellate Attorney Fees

¶ 23 Father requests an award of his appellate attorney fees, asserting that mother's appeal was frivolous as filed with respect to the order modifying the summer parenting time schedule and frivolous as argued with respect to the order denying modification of decision-making responsibility.

¶ 24 "A party who is appearing without an attorney . . . shall not be assessed attorney fees . . . unless the court finds that the party

9

clearly knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous . . . ." § 13-17-102(6), C.R.S. 2025. Even assuming mother's arguments were frivolous, father has not shown that she knew or should have known that her appeal was frivolous. We therefore deny his request for appellate attorney fees.

## V. Disposition

¶ 25 The orders are affirmed.

CHIEF JUDGE ROMÁN and JUDGE YUN concur.