25CA1648 Parental Resp Conc RMC 06-18-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1648
City and County of Denver District Court No. 23DR1933
Honorable Adam J. Espinosa, Judge

---

In re the Parental Responsibilities Concerning R.M.C. and L.C., Children,

and Concerning Ashley N. Sullivan,

Appellant,

and

Peter M. Cumplido,

Appellee.

---

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 18, 2026

---

Ashley N. Sullivan, Pro Se

No Appearance for Appellee

¶ 1    Ashley N. Sullivan (mother) appeals the district court's order modifying parenting time as to her children with Peter M. Cumplido (father).  We dismiss the appeal in part and otherwise affirm.

## I.    Background

¶ 2    In September 2024, the district court entered permanent orders allocating parental responsibilities for the parties' two children.  The court awarded father overnights on Sundays and Mondays and parenting time on Thursday evenings, with mother having all remaining parenting time.  The parties were ordered to exercise joint decision-making in all major areas except for education, which was allocated to mother.

¶ 3    In May 2025, mother moved to modify parenting time.  She asserted that father was failing to consistently exercise his parenting time and, accordingly, she sought to eliminate his parenting time.  Mother also filed a motion to modify decision-making responsibility and a motion concerning parenting time disputes based on similar allegations that father was ignoring the parenting time schedule.

¶ 4    The district court denied mother's motion to modify decision-making without a hearing.  The court then set a

1

consolidated hearing on mother's motion to modify parenting time and motion concerning parenting time disputes. At the conclusion of that hearing, the court issued an oral ruling and modified parenting time based on a finding that a modification would be helpful to the parties and was in the children's best interests.

¶ 5 The district court also issued a written order, which reiterated that the prior parenting time schedule was no longer in the children's best interests. The written order detailed a new parenting time schedule, which extended father's overnights to Sundays, Mondays, and Tuesdays, with mother having the remaining four overnights per week.

## II. Motion to Modify Decision-Making

¶ 6 As an initial matter, we dismiss mother's appeal to the extent that she challenges the district court's denial of her motion to modify decision-making responsibility.

¶ 7 A party must file a notice of appeal within forty-nine days of the entry of the order the party seeks to appeal. C.A.R. 4(a); *In re Marriage of Roth*, 2017 COA 45, ¶ 11. "The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *In re Marriage of Buck*, 60 P.3d 788, 789 (Colo. App. 2002).

¶ 8    Here, the district court entered the order denying mother's motion to modify decision-making responsibility on June 5, 2025. Yet, mother's notice of appeal wasn't filed until August 27, 2025, which was well outside the forty-nine days for her to appeal that order. Thus, we must dismiss those portions of mother's appeal challenging the district court's denial of her motion to modify decision-making responsibility. *See Buck*, 60 P.3d at 789.

### III.    Modification of Parenting Time

¶ 9    As best as we can discern, mother asserts that the district court erred because it made insufficient and otherwise unsupported findings when modifying parenting time. But given the state of the appellate record, we are unable to fully review mother's contentions and must presume that the record supports the court's order.

¶ 10    The district court generally may modify an order regarding parenting time whenever the modification would serve the best interests of the children. § 14-10-129(1)(a)(I), C.R.S. 2025. The court "has broad discretion" to modify parenting time, "taking into consideration the child[ren]'s best interests and the policy of encouraging parent-child relationships." *In re Marriage of Barker*, 251 P.3d 591, 592 (Colo. App. 2010). What serves the best

3

interests of the children is determined by considering the factors in section 14-10-124(1.5), C.R.S. 2025. *In re Marriage of Stewart*, 43 P.3d 740, 741-42 (Colo. App. 2002).

¶ 11 We review a court's modification of parenting time for an abuse of discretion. *Spahmer v. Gullette*, 113 P.3d 158, 161 (Colo. 2005); *Barker*, 251 P.3d at 592. A district court abuses its discretion when it acts in a manner that is manifestly arbitrary, unfair, or unreasonable, or when it misapplies or misconstrues the law. *In re Marriage of Fabos*, 2022 COA 66, ¶ 16. The district court must make sufficiently explicit findings of fact to give the appellate court a clear understanding of the basis of its order. *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9.

¶ 12 Here, our review of mother's contentions of error is significantly hampered by the lack of a complete record. In particular, we lack a transcript of the hearing on mother's motions, including the parties' presentation of evidence and the district court's ruling from the bench modifying parenting time.

¶ 13 As the appellant, it was mother's responsibility to designate any transcripts necessary for the appeal and to ensure that any designated transcripts were transmitted to the appellate court.

C.A.R. 10(d); *People v. Wells*, 776 P.2d 386, 390 (Colo. 1989); *In re Marriage of Tagen*, 62 P.3d 1092, 1096 (Colo. App. 2002). An appellant must "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal." C.A.R. 10(d)(3). Where the appellant fails to provide such a transcript, we must presume that the record supports the order. *In re Marriage of Dean*, 2017 COA 51, ¶ 13.

¶ 14 We agree with mother that the written order resulting from the hearing was conclusory and didn't contain any findings explaining how the modification of parenting time was in the children's best interest based on the section 14-10-124(1.5) factors. *See Gibbs*, ¶ 9. Yet without a transcript of the court's initial oral ruling — which may have included more detailed findings as to the best interests of the children under section 14-10-124(1.5) — we are unable to fully review mother's contention that the court made insufficient findings when modifying parenting time. Thus, we must presume that the court made such findings. *See Dean*, ¶ 13.

¶ 15 Similarly, absent a transcript, we are unable to meaningfully review mother's assertion that the modification of parenting time was unsupported by the record because the district court failed to

consider certain statutory factors and improperly relied on father's anticipated future compliance with court orders. *See id.* at ¶ 15 ("Without reviewing the transcripts, we are unable to evaluate the evidence to determine whether it sufficiently supports the . . . orders."). Thus, we again must presume that the evidence supported the district court's decision. *See id.* at ¶ 13.

## IV. "Sua Sponte" Modification of Parenting Time

¶ 16 Mother next asserts that the district court abused its discretion because it "sua sponte" modified parenting time when, instead of adopting her proposed modification, it increased father's parenting time. We disagree.

¶ 17 Under section 14-10-129(1)(a)(I), "the court may make or modify an order granting or denying parenting time rights *whenever* such order or modification would serve the best interests of the child[ren]." (Emphasis added.) *See also In re Marriage of Dale*, 2025 COA 29, ¶ 31 (recognizing that the ongoing "division of parenting time between the parents is a matter of identifying the best interests of the child[ren]"), *aff'd*, 2026 CO 35. And mother has not cited, nor are we aware of, any authority holding that when, as here, a party has put parenting time at issue by filing a motion

6

to modify, the court must either adopt the movant's proposed modification or do nothing.  Nor has mother at any point asserted that other statutory provisions, such as those applying heightened standards to the restriction of a party's parenting time or a switch of the majority-time parent, are applicable.  *See* § 14-10-129(1)(b)(I), (2).  Thus, the district court could, as it did here, modify parenting time "whenever" it determined that such a modification was in the children's best interests, *see* § 14-10-129(1)(a)(I), even if that specific modification wasn't proposed by the moving party.

V.    Appointment of a Child and Family Investigator

¶ 18    Lastly, we reject as unpreserved mother's contention that the district court erred by denying her request to appoint a child and family investigator (CFI).

¶ 19    To start, mother has failed to identify in the record where she requested the appointment of a CFI and where the district court ruled on the issue.  *See* C.A.R. 28(a)(7)(A) (requiring the appellant to identify "the precise location in the record where the issue was raised and where the court ruled").  Nevertheless, from our review of the record, it appears that mother first requested the appointment of a CFI in a postjudgment motion she filed under C.R.C.P. 59.  But

C.R.C.P. 59 may not be used to raise new issues that were not presented at a trial or hearing, meaning that any issues raised for the first time in such a motion are not preserved for our appellate review. *See In re Marriage of Lohman*, 2015 COA 134, ¶ 22; *cf. Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18 ("[I]ssues not raised in or decided by a lower court will not be addressed for the first time on appeal."). Thus, we decline to further consider mother's unpreserved contention that the court erred by not appointing a CFI.

## VI.   Disposition

¶ 20   The order is affirmed. We dismiss those portions of mother's appeal challenging the district court's denial of her motion to modify decision-making responsibility.

JUDGE GROVE and JUDGE MOULTRIE concur.